United States Court of Appeals,

Eleventh Circuit.

No. 94-6181.

Charles Ray CLENCY, Petitioner-Appellee,

v.

John E. NAGLE, Attorney General of the State of Alabama,
Respondents-Appellants.

Charles Ray CLENCY, Petitioner-Appellee,

v.

John E. NAGLE and State of Alabama, Respondents-Appellants.

Aug. 4, 1995.

Appeal from the United States District Court for the Northern
District of Alabama. (Nos. CV 91-N-889-S, CV 91-N-2167-N), Edwin L.
Nelson, Judge.

Before KRAVITCH, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

The State of Alabama appeals the district court's order
granting petitioner habeas corpus relief and ordering resentencing
on a 1981 conviction without the consideration of two prior
convictions.

In 1981, petitioner, Charles Ray Clency, was convicted in
Alabama state court of robbery. Under Alabama law, a defendant
with three prior felony convictions may be sentenced to life
imprisonment without parole. Because petitioner had four prior
felony convictions, the district court enhanced petitioner's
sentence to life without parole.

In 1991, petitioner filed two separate habeas corpus petitions
attacking two of the prior convictions used to support the
enhancement. The first petition, case number 91-P-0889-S, attacks

the validity of a 1965 conviction for grand larceny on the ground that it was not his conviction, but that of his brother, Charlie Ray Clency, Jr. In the second petition, case number 91-N-2167-S, petitioner attacks a 1974 conviction for assault, claiming it was based on an invalid, "uncounseled" guilty plea.

According to state records, Clency pled guilty to assault with intent to rob in 1974. He never appealed the conviction. In his petition for the writ of habeas corpus, Clency claims that he entered the plea without the assistance of counsel.[1] The State produced an *Ireland* form, the document used in the State of Alabama to enter a guilty plea, which was signed by Clency and his attorney and date stamped February 12, 1974. Nevertheless, at an evidentiary hearing conducted before a magistrate judge, petitioner testified that he and his attorney, Mr. Calhoun, signed the plea form in June 1973, but did not enter a plea at that time. Instead, he testified that his plea was entered in February 1974, that the plea was taken in the hall of the courthouse, and that only he, Judge Gibson, and an unidentified bailiff were present. According to Clency, no lawyer was present during the plea.

Mr. Calhoun testified that, although he recalls representing Clency in a 1973 robbery case that was tried to a jury and which resulted in Clency's conviction, he does not remember representing petitioner after sentencing in that case on April 17, 1973. Calhoun specifically testified that he does not recall representing

---

[1]Petitioner brought this same claim in a 1990 state court habeas corpus petition. The state court examined the plea agreement and, finding no problems on its face, dismissed the petition.

Clency on the 1974 assault charge and cannot check his files: Calhoun's office has been destroyed by a tornado.

Petitioner waited over seventeen years from the date of his guilty plea before filing his petition for habeas corpus relief. The State argued that the delay in filing the petition prejudiced its ability to respond to petitioner's claims. So, the State moved for dismissal of the habeas petition under Rule 9(a). According to the State, both the judge and the clerk who signed the plea agreement had died by the time petitioner filed his claim; and, no way, at this late date, exists to identify the bailiff allegedly present during the uncounseled plea. So, the State argued that the unavailability of witnesses to either the plea agreement or the alleged meeting in the hall constitutes prejudice.

The magistrate judge consolidated the petition for relief against the 1974 conviction with the petition for relief against the 1965 petition and recommended granting both. On the 1965 conviction, the magistrate concluded that the conviction involved Clency's brother. On the 1974 conviction, the magistrate credited petitioner's testimony and determined that the plea was uncounseled. The magistrate also concluded that the State had shown no prejudice because no evidence suggested the State was unable to identify the bailiff and because the State had not explained the absence of a transcript of the plea proceedings. The district court adopted the recommendation and ordered resentencing on the 1981 robbery conviction without consideration of the 1965

and 1974 convictions.[2]

Under Rule 9(a), a district court may dismiss a petition for the writ of habeas corpus upon a showing that (1) the state has been prejudiced in its ability to respond to the petition, (2) the prejudice resulted from the petitioner's delay in filing the petition, and (3) the petitioner has not acted with reasonable diligence as a matter of law. *Hill v. Linahan,* 697 F.2d 1032, 1035-36 (11th Cir.1983). We review the lower court's finding that the State has failed to show prejudice under the clearly erroneous standard. *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988).

According to petitioner, only three people were present when he entered his guilty plea: Judge Gibson, an unidentified bailiff, and himself. Judge Gibson died in March 1986, over twelve years after petitioner entered his guilty plea. Petitioner testified that he cannot identify the bailiff, and the record indicates that more than one bailiff worked with Judge Gibson. Mr. Calhoun can provide no enlightenment as he cannot recall representing petitioner in the plea, and his records have been destroyed.

In the light of these facts, the lower court's finding that the State has shown no prejudice is clearly erroneous. First, contrary to the lower court's finding, the State explained that because petitioner did not appeal his conviction no transcript of the plea proceedings was made. And, a showing of prejudice does

---

[2]Following oral argument before us the State of Alabama conceded that the 1965 grand larceny conviction involved Clency's brother and agreed to expunge the conviction from Clency's record. So, we will address only the lower court's order requiring resentencing without considering the 1974 assault conviction.

not require a showing of the State's complete inability to identify the bailiff. That the bailiff might still be living and might have some recollection about petitioner's plea does not mean the State failed to show prejudice. That there is one *possible* witness that has not been categorically accounted for as unavailable prevents the State, in no way, from satisfying its burden of showing a particularized prejudice.

The State has shown that it has been disadvantaged. In this case, the State has shown an inability, or at least substantial difficulty, in presenting the only people, except petitioner, alleged to have been present for his plea. The absence of these key witnesses renders almost impossible the State's effective cross-examination of petitioner about the plea proceeding and rules out the likelihood of a rebuttal witness to counter petitioner's story. Under the facts of this case, the State has demonstrated sufficient prejudice to invoke the dismissal permitted by Rule 9(a). *Thomas v. Dugger,* 846 F.2d 669 (11th Cir.1988) (state's inability to conduct effective cross-examination of petitioner's witnesses constitutes prejudice). *See Baxter v. Estelle,* 614 F.2d 1030 (5th Cir.1980) (petition dismissed under Rule 9(a) when 15 year delay, judge dead, no transcripts, and identity of police involved unknown); *Mayola v. Alabama,* 623 F.2d 992 (5th Cir.1980) (prejudice found in 11 year delay when witnesses dead, unavailable, or have impaired recollection, and court reporter's notes lost).

Since the time of his plea in 1974, petitioner knew or should have known of the facts underlying his claim and of his constitutional right to the assistance of counsel. Nonetheless,

petitioner waited over seventeen years before filing his claim for habeas relief. Petitioner argues that he could not have brought his claim any earlier because he "needed some kind of evidence to bring before the court." Petitioner seems to refer to Mr. Calhoun's affidavit in which the attorney states that he cannot recall representing petitioner in the plea entry. But, as petitioner stated, in the years following his conviction he never attempted to contact Mr. Calhoun until 1990 when Mr. Calhoun filed the affidavit. Nothing suggests that it would have been impossible for petitioner to locate Mr. Calhoun before 1990. In the light of these facts, we have no difficulty finding that the seventeen year delay in filing was unreasonable. *See Baxter,* 614 F.2d at 1034 (delay unreasonable when petitioner waited 15 years to file for relief and when petitioner had knowledge of facts and rights during the delay); *Henson v. Estelle,* 641 F.2d 250, 253 (5th Cir.1981) (dismissal proper when petitioner knew all facts in connection with guilty plea entered 18 years before filing 1978 petition for federal relief).

In summary, the State has shown that petitioner delayed in filing his claim for habeas relief, that the State was prejudiced by the delay, and that petitioner did not act with reasonable diligence. So, petitioner's claim for relief against the 1974 conviction is dismissed under Rule 9(a). To be entitled to resentencing, petitioner must succeed on both of his petitions for the writ of habeas corpus. Because we conclude that petition number 91-N-2167-S must be dismissed, the order of the district court requiring resentencing is VACATED.

VACATED and REMANDED for Dismissal of the Petition.