# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1154

PAUL T. WILLIAMS,

*Petitioner-Appellee,*

*v.*

LARRY SIMS,

*Respondent-Appellant.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 00 C 7056—**David H. Coar**, *Judge*.

_____

ARGUED SEPTEMBER 20, 2004—DECIDED DECEMBER 1, 2004

_____

Before POSNER, KANNE, and EVANS, *Circuit Judges*.

POSNER, *Circuit Judge*. This is a habeas corpus action
brought by a state prisoner. The state moved to dismiss the
case as untimely, but the district court denied the motion,
ruling that the statute of limitations had been equitably
tolled. The question whether his ruling was correct is pre-
sented to us by an interlocutory appeal under 28 U.S.C.
§ 1292(b). The question has two parts: In what circum-
stances is the one-year statute of limitations in 28 U.S.C.
§ 2244(d)(1) for federal habeas corpus proceedings brought
by state prisoners subject to the common law doctrine of

equitable tolling? And was the judge correct to hold that the statute of limitations should be tolled in the circumstances of this case?

The general rule is that a statute of limitations may be tolled—that is, arrested—on the basis of one or the other of two common law doctrines: equitable estoppel and equitable tolling. *Shropshear v. Corporation Counsel*, 275 F.3d 593, 595 (7th Cir. 2001); *Singletary v. Continental Illinois National Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993); *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328-29 (8th Cir. 1995). The first addresses conduct by the defendant that prevents the plaintiff from suing within the statutory period. One standard example is where the defendant has fraudulently concealed from the plaintiff the existence of a claim against the defendant. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229-31 (7th Cir. 1984); see also *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1235-36 (10th Cir. 1999) (same, but confusingly described as an equitable-tolling case). Another is where the defendant requested the plaintiff to delay suit while the parties tried to negotiate a settlement. *Schroeder v. Young*, 161 U.S. 334, 344 (1896); *Shropshear v. Corporation Counsel*, *supra*, 275 F.3d at 597; *Cerbone v. International Ladies' Garment Workers' Union*, 768 F.2d 45, 49-50 (2d Cir. 1985).

The other doctrine, equitable tolling, refers to situations in which, without fault by the defendant, the plaintiff is unable to sue within the statutory period. The standard example is where despite the exercise of due diligence the plaintiff simply cannot discover the wrongdoer's identity, or facts essential to show that there was an actionable wrong, within the statutory period. *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 561-62 (7th Cir. 1996); see also *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).

There is no reason in principle why these doctrines should not apply to a statute of limitations in a habeas corpus case, especially a short statute of limitations such as the one in section 2244(d)(1). However, there is an argument that Congress knocked out the doctrines by specifying unique tolling rules right in the statute itself, a question we left open in *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999).

This is what the statute says:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(There is a materially identical provision in 28 U.S.C. § 2255, the federal prisoner's habeas corpus substitute.) Just to make life a little more complicated, section 2244(d)(2) tolls the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending." That section will figure when we come to discuss the particulars of Williams's case, but we can ignore it for now.

In subsection (B) of section 2244(d)(1) we see an aspect of equitable estoppel—the defendant has impeded the filing of the habeas corpus action—but it is limited to cases in which the impediment violated federal law, and so it would not cover either of the standard cases of equitable estoppel that we mentioned earlier unless due process were broadly construed to forbid all such impediments—as perhaps it might be, cf. *Strickler v. Greene*, 527 U.S. 263 (1999); *Brady v. Maryland*, 373 U.S. 83 (1963). Similarly, subsection (D) covers a part only of equitable tolling unless "factual predicate of the claim" is loosely interpreted to cover cases in which the identity of the wrongdoer cannot be discovered by the exercise of due diligence. The interpretation would be loose because as a matter of semantics it is possible to know all the facts that give rise to a legal claim yet not know who the wrongdoer is. But this potential gap in the statutory tolling rule will rarely be a problem in the habeas corpus setting. The proper respondent is always the petitioner's custodian, who in turn is almost always the warden of the jail or prison in which the petitioner is confined. 28 U.S.C. § 2243; Rules 2(a) and (b) of the Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718-22 (2004); *al-Marri v. Rumsfeld*, 360 F.3d 707, 708-09 (7th Cir. 2004). There are, however, exceptions, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 485, 489 n. 4 (1973); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *Reimnitz v. State's Attorney of Cook County*, 761 F.2d 405, 408-09 (7th Cir. 1985), mainly in cases in which the petitioner is not in physical custody but is instead out on parole (as in *Jones*) or bail (as in *Reimnitz*).

Within the areas of overlap between the statutory and common law tolling rules, and thus in determining for example what is an "impediment" and what is required to show "due diligence," we can assume that the body of principles built up in countless cases applying equitable estoppel and equitable tolling outside the habeas corpus setting is usable to flesh out the statute; *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). *Dunlap v. United States*, 250 F.3d 1001, 1007-09 (6th Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 713 n. 11 (5th Cir. 1999). The difficult question is whether the common law doctrines remain applicable in cases in which the habeas corpus statute has a narrower scope than the common law. These would mainly be cases in which the impediment was not a violation of federal law or the result of state action, or in which what the petitioner couldn't discover by the exercise of due diligence in time to sue within the statutory deadline was not a factual predicate of his claim but the identity of the wrongdoer.

Of course the fact that section 2244(d)(1) does not cover the entire ground covered by the common law tolling doctrines does not establish that the doctrines survive the statute. Congress may have wanted to curtail them by substituting a narrower statutory standard, as distinct from supplementing them. But there is no indication of this. The statutory tolling provisions that we quoted came in with the statute of limitations itself in the Antiterrorism and Effective Death Penalty Act. See Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217. Until then there hadn't been a statute of limitations in habeas corpus cases. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). There had only been the equitable doctrine of "abuse of the writ" to cut off inexcusably belated claims, Rule 9(a) of the Rules Governing Section 2254 Cases. See, e.g., *Clency v. Nagle*, 60 F.3d 751 (11th Cir. 1995) (17-year delay); *Walton v. Attorney General*, 986 F.2d 472, 475-76 (11th

Cir. 1993) (19 years); *Strahan v. Blackburn*, 750 F.2d 438, 443-44 (5th Cir. 1985) (11 years). But because abuse of the writ was the equivalent of laches, *Walters v. Scott*, 21 F.3d 683, 686-87 (5th Cir. 1994), proof that the respondent's ability to defend the case had been impaired by the petitioner's delay was required, *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121-22 (2002); *Costello v. United States*, 365 U.S. 265, 282 (1961); *Teamsters & Employers Welfare Trust v. Gorman Brothers Ready Mix*, 283 F.3d 877, 880 (7th Cir. 2002), and as a result many very old claims were not precluded, as in *Sutton v. Lash*, 576 F.2d 738, 744 (7th Cir. 1978) (21 years); *Wise v. Armontrout*, 952 F.2d 221, 223 (8th Cir. 1991) (17 years); *Hamilton v. Watkins*, 436 F.2d 1323, 1326 (5th Cir. 1970) (38 years), and *Hawkins v. Bennett*, 423 F.2d 948, 951 (8th Cir. 1970) (44 years). Since there was no statute of limitations, the standard grounds—equitable estoppel and equitable tolling—for tolling statutes of limitations were not relevant, and they were not a focus of Congress's deliberations on creating a habeas corpus statute of limitations for the first time.

In light of this history, it is not surprising that all the cases that address whether the common law tolling doctrines are applicable to the habeas corpus statute of limitations have held that they are, e.g., *Neverson v. Farquharson*, 366 F.3d 32, 39-41 (1st Cir. 2004); *Harris v. Hutchinson*, 209 F.3d 325, 328-30 (4th Cir. 2000); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *Calderon v. U.S. District Court*, 128 F.3d 1287, 1288-89 (1997), reversed on other grounds, 163 F.3d 530 (9th Cir. 1998) (en banc), provided that the doctrine is not applied in a way that is inconsistent with the statute, as we emphasized in *Brooks v. Walls*, 279 F.3d 518, 525 (7th Cir. 2002), and earlier in *Owens v. Boyd*, 235 F.3d 356, 358-60 (7th Cir. 2000).

There is not a great deal at stake, however, though some courts may have been misled in this regard, as we shall see, by misunderstanding the scope of the common law doctrine. The gap between statute and tolling rule looms largest with respect to equitable estoppel, and as to that it is difficult to believe that Congress meant to legislate, for example, that if the respondent in a habeas corpus action promises not to plead the statute of limitations if the petitioner will delay in filing his action, yet pleads it anyway, the courts are de-barred from estopping the respondent just because section 2244(d)(1)(B) does not specify that such a promise can arrest the one-year statute of limitations. We cannot find any case in which this precise issue has arisen, but there are several closely analogous cases, such as *Stillman v. Lamarque*, 319 F.3d 1199, 1201-02 (9th Cir. 2003), where the prison litigation coordinator broke his promise to the petitioner's lawyer to obtain the petitioner's signature on his state postconviction pleading in time for the pleading to be timely, and *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002), where the peti-tioner was denied access to his legal files when he was twice "writted" out of the district to testify. See also *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147-48 (9th Cir. 2000) (en banc) (per curiam); *Valverde v. Stinson*, 224 F.3d 129, 133-35 (2d Cir. 2000); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The validity of such decisions should not depend on whether they can be shoehorned into the statutory provision for "impediment[s] to filing an application created by State action in violation of the Constitution or laws of the United States."

With respect to equitable tolling, if we set aside the rare case in which the respondent's identity is unknown the only case in which the statute fails to track the common law doctrine is where the federal district court misleads the petitioner concerning filing deadlines. See *Pliler v. Ford*, 124

S. Ct. 2441, 2447 (2004); *Alexander v. Cockrell*, 294 F.3d 626, 629-30 (5th Cir. 2002) (per curiam); *United States v. Kelly*, 235 F.3d 1238, 1242-43 (10th Cir. 2000); cf. *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000) (per curiam). Such a case cannot be fitted to the statutory language. In other cases, cases falling within the area of overlap between the statute and the doctrine, subsection (D) is best understood as *invoking* the common law doctrine, allowing its principles to be applied to habeas corpus.

And now to the question how those principles apply to this case. The statutory deadline for the petitioner to seek federal habeas corpus was April 24, 1997, and he didn't file until November 7, 2000. However, on April 4, 1997, he had filed a petition for state postconviction relief that was still pending when he filed his federal action, and if that pendency tolled the statute of limitations he is home free. Unfortunately for him, his state petition was itself untimely. Nevertheless the district judge ruled that it tolled the statute of limitations because it was uncertain at the time whether an untimely petition activated the tolling provision in section 2244(d)(2) and because the state courts had dawdled for three years before ruling that Williams's state-court postconviction suit was indeed untimely. The district judge's ruling was not based on (d)(2), because an untimely state postconviction petition does not toll the statute of limitations. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Owens v. Boyd*, *supra*, 235 F.3d at 357; *Freeman v. Page*, 208 F.3d 572, 574 (7th Cir. 2000), and cases cited there. It was based on the common law doctrine of equitable tolling: the proceeding tolled the statute of limitations because the circumstances were such that the petitioner could not reasonably have been expected to sue within the statutory deadline.

It should be obvious that an untimely petition would not toll a statute of limitations; and while that might not be

obvious to an unrepresented prisoner, even reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, e.g., *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180, 183 (7th Cir. 1996); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969-70 (11th Cir. 1997) (per curiam), and it has been applied repeatedly to pro se habeas corpus petitioners. E.g., *Owens v. Boyd*, *supra*, 235 F.3d at 358-60; *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003); *Fierro v. Cockrell*, 294 F.3d 674, 681-84 (5th Cir. 2002); *Delaney v. Matesanz*, 264 F.3d 7, 15-16 (1st Cir. 2001); *Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000); *Fisher v. Johnson*, *supra*, 174 F.3d at 714-15. (See also *Modrowski v. Mote*, 322 F.3d 965 (7th Cir. 2003), where we held that the incapacity, like the negligence, of an attorney for a habeas corpus petitioner was likewise not a ground for equitable tolling.) Otherwise statutes of limitations would have little bite, and no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers.

The state court's delay in ruling that the petitioner's state-court postconviction action was untimely has no bearing on the reasonableness of Williams's conduct. He filed that action only 20 days before the deadline for seeking federal habeas corpus expired, which means that only if the court had dismissed his postconviction action within that period (more precisely, had communicated the dismissal to him within that period) could he have filed his federal habeas corpus action in time. The court could not reasonably be expected to act so quickly. Nor is a court's failure to warn a party that he is about to be cut off by the statute of limitations a basis for equitable tolling. *Pliler v. Ford*, *supra*, 124 S. Ct. at 2446-47.

And now we see why some courts have thought it might be very important to decide whether equitable tolling sur-

vives the enactment of section 2244(d)(1). It is plain that subsection (D), which we said overlaps the common law doctrine almost completely, does not encompass mistakes of law; it is limited to the "factual" predicates of the petitioner's claim. But this would open up a gap between the statutory and the common law tolling rules only if the common law doctrine allowed a statute of limitations to be tolled on the basis of a mistake of law or a failure by a court to warn litigants about impending pitfalls, such as an about-to-expire statute of limitations. It does not.

The ruling of the district court is reversed with instructions to dismiss the suit.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*