In the

# United States Court of Appeals

### For the Seventh Circuit

No. 04-3050

JOSEPH ARRIETA,

*Petitioner-Appellant,*

*v.*

DEIRDRE BATTAGLIA, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 8012—**Wayne R. Andersen**, *Judge.*

ARGUED SEPTEMBER 27, 2005—DECIDED AUGUST 24, 2006

Before FLAUM, *Chief Judge*, and BAUER and SYKES, *Circuit Judges*.

SYKES, *Circuit Judge.* Joseph Arrieta is an Illinois prisoner serving a life sentence for two murders. He sought federal habeas relief pursuant to 28 U.S.C. § 2254, but the district court dismissed his petition as untimely— it was filed almost four years after the expiration of the one-year statute of limitation contained in 28 U.S.C. § 2244(d)(1)(A). On appeal, Arrieta argues that the district court was required under *Newell v. Hanks*, 283 F.3d 827 (7th Cir. 2002) to treat his habeas petition as an amendment to a petition he had timely filed but voluntarily dismissed some three years earlier. We disagree and affirm the judgment of the district court.

## I. Background

In 1996 Arrieta was convicted of two counts of first-degree murder in Illinois state court and sentenced to life in prison.[1] His conviction was affirmed on direct appeal, and the Illinois Supreme Court denied review on June 4, 1997. On September 18, 1997, Arrieta filed a petition for postconviction relief in state court. That petition was dismissed, and the dismissal was affirmed by the Illinois Court of Appeals on December 18, 1998. Arrieta did not seek further review in the Illinois Supreme Court. Instead, on June 23, 1999, he filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254.

Approximately two weeks before Arrieta filed his federal habeas petition, the United States Supreme Court decided *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), in which the Court held that a habeas petitioner must present his state court petition for postconviction relief to the highest court of the state in order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Arrieta became aware of this recent development in the law and moved the district court for a stay of his habeas case while he belatedly petitioned the Illinois Supreme Court for leave to appeal the dismissal of his postconviction petition, thereby curing the procedural default wrought by *O'Sullivan*. The stay was granted.

When the Illinois Supreme Court denied leave to appeal, Arrieta returned to federal court and moved to lift the stay and amend his habeas petition. Before the district court could rule on that motion, Arrieta filed another

---

[1] The facts surrounding Arrieta's crime and the substantive issues raised in his direct appeals and state postconviction filings have not been made part of the record and are not relevant to resolution of this appeal.

motion, this time asking the court to dismiss his habeas action without prejudice. As it turned out, this was a serious procedural mistake. It was apparently Arrieta's intention to return to state court and file a *second* state postconviction petition presenting claims that were not included in either the original habeas petition or his original petition for postconviction relief. The proper course would have been either a motion to continue the stay already in effect or a motion to dismiss with leave to reinstate. The latter motion has the effect of a stay and does not act as a final judgment until the time specified by the court for reinstatement has expired. *Balt. & Ohio Terminal Ry. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 407-08 (7th Cir. 1998). On October 20, 2000, the district court granted the motion to dismiss without prejudice, just as Arrieta had requested, pursuant to FED. R. CIV. P. 41(a)(1). There is no dispute that at this point the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had expired; excluding the time during which Arrieta's state postconviction application was pending, the one-year habeas limitations period expired on December 6, 1999. *See* 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

On November 10, 2003—more than three years after Arrieta's federal habeas petition was dismissed at his request and following another round of postconviction proceedings in state court—Arrieta filed a second federal habeas petition together with a "Motion to Reinstate Habeas Corpus Petition." This new action was not denominated an amended petition, the old case number was not used, and Arrieta paid the filing fee again. The district court dismissed the action as untimely. The court recognized that the only way the one-year time bar would not be dispositive was if the judgment dismissing the *first* habeas petition could be vacated, the case reinstated and considered stayed, and the second petition construed as an amended petition rather than an entirely new (and time-

barred) action. Such a procedure was endorsed by this court in *Newell*.

However, the district court concluded that in this case, unlike in *Newell*, it was powerless to vacate its prior dismissal because the time period for seeking such relief under FED. R. CIV. P. 60(b) had also expired. The applicable ground for reopening the prior judgment was mistake—Arrieta had mistakenly moved for dismissal rather than a stay or dismissal with leave to reinstate—and Rule 60(b) requires that relief from a judgment on grounds of mistake be sought within one year after judgment is entered. Although this court's opinion in *Newell* did not mention Rule 60(b), the district court there had in fact vacated its dismissal judgment within the rule's one-year time limit. In Arrieta's case, Rule 60(b)'s one-year time limit had long since expired.

## II. Discussion

Arrieta advances three arguments for considering his second habeas petition timely. First, he contends that *Newell* should be read as requiring the district court to vacate the dismissal of his original habeas petition notwithstanding the one-year time limit imposed by Rule 60(b)(1). Second, he argues that the district court erred when it applied the one-year time limit of Rule 60(b)(1) because the judgment in the first habeas case should have been vacated pursuant to Rule 60(b)(6), the "catchall" provision for reopening a judgment, which contains no fixed time limit on seeking relief. Finally, Arrieta claims the circumstances warrant equitable tolling of the one-year limitation period for filing habeas corpus petitions.

Arrieta's first argument is that under *Newell*, the district court was required to vacate its dismissal of the original petition—effectively converting the dismissal into a stay—and construe the second petition as an amendment to

the rejuvenated (and timely filed) original petition. This argument overreads *Newell* and runs contrary to recent decisions of the United States Supreme Court.

Before proceeding, it is important to note that although Arrieta denominated his motion as one to "reinstate" the first habeas petition, the district court's decision is grounded in Rule 60(b), which governs relief from final judgments. The court held that regardless of whether a stay rather than dismissal would have been an appropriate procedure to follow in the first habeas case, the expiration of the one-year time limit for relief on grounds of mistake under Rule 60(b)(1) made reopening that judgment improper. We review a district court's denial of relief under Rule 60(b) for abuse of discretion. *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998).

Rule 60 of the FED. R. CIV. P. regulates the procedure for obtaining relief from final judgments. *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). The rule is available to habeas petitioners seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254, provided that the ground on which relief is sought does not attack the substance of a court's resolution of a claim on the merits—a concern not raised by this case. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2649 (2005) ("Rule 60(b) has an unquestionably valid role to play in habeas cases.").[2]

---

[2] *Crosby* held that while a Rule 60(b) motion may not be used to circumvent the restrictions and limitations on second or successive applications for habeas corpus relief, *see* 28 U.S.C. § 2244(b), the rule nonetheless remains available to habeas petitioners seeking to reopen prior dismissals on grounds that do not "present a revisitation of the merits" of their claims. 125 S. Ct. at 2649. As stated by the Court: "We hold that a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does
(continued...)

Motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)); newly discovered evidence (Rule 60(b)(2)); or fraud (Rule 60(b)(3)) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." FED. R. CIV. P. 60(b). This time limit is jurisdictional and cannot be extended. *Wesco*, 880 F.2d at 985; *Brandon*, 143 F.3d at 296. Motions for relief on other grounds specified in the rule must be made "within a reasonable time." FED. R. CIV. P. 60(b).

If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)-(5), relief may be available under the residual provision of the rule, which permits reopening a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). A motion under the "catchall" provision contained in Rule 60(b)(6) also must be made "within a reasonable time." Relief under Rule 60(b)(6) requires a showing of " 'extraordinary circumstances' justifying the reopening of a final judgment" and "[s]uch circumstances will rarely occur in the habeas context." *Crosby*, 125 S. Ct. at 2649.

Important to this case is the principle that if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available. *Wesco*, 880 F.3d at 983; *Brandon*, 143 F.3d at 295. To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless. *Wesco*, 880 F.3d at 983. Accordingly, we have held that "the first three clauses [of Rule 60(b)] and the catchall clause are mutually exclusive." *Id.*

---

[2] (...continued)
not assert, or reassert, claims of error in the movant's state conviction." *Id*. at 2651.

The ground for relief here is properly categorized as "mistake" under Rule 60(b)(1). A litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitation has committed a mistake. Arrieta admits as much in his brief, stating that he mistakenly moved to dismiss his original petition on the basis of advice he received from "jailhouse lawyers." Further, although he proceeded pro se in the district court, Arrieta clearly knew the difference between a stay and a dismissal because he originally sought and obtained a stay of his first habeas petition while he petitioned the Illinois Supreme Court for review to cure the *O'Sullivan* problem. The district court properly concluded that the one-year time limit applicable to relief under Rule 60(b)(1) foreclosed Arrieta's request for relief from the dismissal of his first habeas petition.

Arrieta's fallback Rule 60(b) argument is that the judgment should have been reopened pursuant to the catchall provision of Rule 60(b)(6), which carries no fixed time limit. The Supreme Court has stated that relief under Rule 60(b)(6) will be "rare" in the habeas context; here, it is unavailable because the ground for relief is properly categorized as mistake under Rule 60(b)(1), and "[Rule] 60(b)(1) and [Rule] 60 (b)(6) are mutually exclusive." *Wesco*, 880 F.3d at 985 n.5. Accordingly, the district court correctly concluded that Arrieta's second habeas petition was untimely.

*Newell* does not require a different result. In *Newell*, the petitioner presented the district court with a mixed petition for habeas relief, one that raised both exhausted and unexhausted claims. *Newell*, 283 F.3d at 831. The petitioner then asked the district court to dismiss without prejudice because "some of his habeas claims have been exhausted in the Indiana courts, while other claims are now being litigated in the Indiana courts . . . ." *Id.* at 831. The motion was granted. Ten months later, the petitioner returned to

district court with a motion to "redocket" his prior habeas petition and amend the prior petition to include references to the disposition of the previously unexhausted claims. In response to this motion, the district court vacated the original judgment of dismissal, ordered the clerk to "reopen the action on the docket," and allowed the amended petition to be docketed with the reopened original petition. *Id.* at 832. On appeal, the state argued that the district court abused its discretion in vacating the dismissal of the first petition. We rejected the argument in the following terms:

> [W]e conclude that the court's decision was entirely proper. When dismissing Newell's first petition, the district court did not have the benefit of our decisions in *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), and [*Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999)], which suggest that the federal action should have been stayed, not dismissed, while the Indiana court ruled on Newell's pending motion. . . . By vacating the dismissal, the district court effectively converted it into a stay; this could not have been an abuse of discretion because we now know that staying the action was the right step to take in the first place.

*Newell*, 283 F.3d at 834.

Our opinion in *Newell* did not engage in an analysis under Rule 60(b) or any other authority pursuant to which the petitioner had asserted a right to the "redocketing" of his previously dismissed petition or pursuant to which the district court vacated the prior judgment. This is understandable, given that the issue was apparently not briefed by the parties and was only belatedly inserted into the case by the state at oral argument. *Id.* at 834. To the extent that the relief from judgment granted in *Newell* can be read as having been premised on a mistake by the court rather than the petitioner—that is, that the district court should have construed the petitioner's mo-

tion to dismiss the original mixed petition as a motion to stay—relief was requested ten months after the dismissal, within the time limit imposed by Rule 60(b). The one-year time limit in Rule 60(b) was not at issue in *Newell*, as it is here.

In any event, nothing in *Newell* can be read as *requiring* the district court to reopen a previously dismissed habeas petition even where the provisions of Rule 60(b) foreclose vacating the judgment. *Newell* held that the district court did not abuse its discretion in reopening the dismissal judgment ten months after it was entered; it did *not* hold that the court was *required* to reopen the judgment even where doing so would be contrary to Rule 60(b).

The Supreme Court has recently held that federal district courts have the discretion to stay a mixed habeas petition—one that contains some exhausted claims and some unexhausted claims—in "limited circumstances" not inconsistent with the "timeliness concerns reflected in AEDPA." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court in *Rhines* held that a "stay and abeyance" of a mixed habeas petition "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not "plainly meritless." *Id.*; *see also Dolis v. Chambers*, No. 05-3781, 2006 WL 2042536, at *3 (7th Cir. July 24, 2006).

The Court in *Rhines* observed that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition." *Id.* We read this language as directing district courts to grant a habeas

petitioner's motion to stay a mixed habeas petition when the foregoing prerequisites are established, not as mandating that a prior voluntary dismissal be reopened even if the terms of Rule 60(b) preclude reopening.

The Supreme Court has also recently held, in *Pliler v. Ford,* 542 U.S. 225, 231 (2004), that district courts are not required to warn pro se habeas petitioners of the statute-of-limitations consequences of dismissing a mixed habeas petition. In light of the holdings in *Rhines* and *Pliler*, our decision in *Newell* cannot be read to require the reopening of a voluntarily dismissed habeas case where the one-year time limit of Rule 60(b) has expired.

Finally, Arrieta argues that his second petition should be deemed timely pursuant to the doctrine of equitable tolling. While the one-year habeas statute of limitation may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. *Gildon v. Bowen,* 384 F.3d 883, 886 (7th Cir. 2004); *Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004). Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. *Williams*, 390 F.3d at 963. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." *Id*.; *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Arrieta's procedural mistake in asking for a dismissal of his original petition is not a ground for equitable tolling. To the extent that Arrieta is arguing for equitable tolling on the ground that the district court should have warned him that voluntary dismissal would eliminate his ability to obtain federal

habeas review altogether, that argument is foreclosed by *Pliler. See Williams,* 390 F.3d at 963.

The judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*