**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 18, 2007[*]
Decided April 18, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2297

| | |
|---|---|
| JAVAN DELONEY,<br>    *Petitioner-Appellant,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| *v.* | No. 04 C 6601 |
| TERRY McCANN,<br>    *Respondent-Appellee.* | Matthew F. Kennelly,<br>*Judge.* |

## O R D E R

Javan Deloney filed a petition for habeas corpus, 28 U.S.C. § 2254, claiming that the prosecution suborned perjury during his murder trial in Illinois state court. The district court dismissed the petition as untimely. More than ten business days after the entry of judgment, Deloney filed a "Petition for Rehearing," which the district court construed as a motion under Federal Rule of Civil Procedure 60(b) and denied. Deloney filed a notice of appeal, but in a previous order we concluded that

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the notice was untimely as to the order dismissing the § 2254 petition and limited the appeal to review of the order denying relief under Rule 60(b).

Deloney was convicted of three counts of first-degree murder, 720 Ill. Comp. Stat. 5/9-1, after he participated in two drive-by shootings that killed three members of a rival gang. He was sentenced to life in prison. His convictions were affirmed on direct appeal, *People v. Deloney*, No. 1-95-0199 (Ill. App. Ct. Feb. 14, 1997), and on June 4, 1997, the Supreme Court of Illinois denied leave to appeal, *People v. Deloney*, 684 N.E.2d 1338 (Ill. 1997). On November 21, 1997, Deloney filed a state postconviction petition. *See* 725 Ill. Comp. Stat. 5/122-1. Although it took the state courts nearly seven years to fully resolve that petition, the order denying it became final on October 7, 2003, when the Supreme Court of Illinois denied leave to appeal, *People v. Deloney*, No. 96793 (Ill. Oct. 7, 2003). Exactly one year later, on October 7, 2004, Deloney turned to the federal courts and filed his § 2254 petition.

The state moved to dismiss the petition on the ground that Deloney filed it outside the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). According to the state, Deloney's convictions became final on September 2, 1997, 90 days after the state supreme court declined to review the order affirming those convictions on direct appeal (during which time Deloney could have filed a petition for *certiorari* review in the United States Supreme Court, but did not). After that, the state asserted, Deloney waited one year *plus* eighty days before he filed his § 2254 petition (excluding the time his postconviction petition was pending in the Illinois courts, *see id.* § 2244(d)(2)).

In his response Deloney argued that the eighty days that elapsed between the date his convictions became final and the date he filed his state postconviction petition should not factor into the one-year deadline because he did not obtain the factual predicate for his perjury claim——an affidavit from eyewitness Brenda Hall, who recanted her trial testimony identifying Deloney as one of the gunman——until August 1998. He also protested that denying his petition as untimely would constitute a miscarriage of justice, and he argued that the limitations period should be subject to "equitable tolling" because, as evidenced by Hall's affidavit, he was innocent.

In its reply, the state argued that Deloney's assertion of actual innocence could warrant equitable tolling only if he could show that "some action or inaction" on the part of the state prevented him from discovering the facts showing his innocence or, at the very least, that he could not have discovered those facts sooner through reasonable diligence. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). Deloney had made no such showing in his response to the state's motion to dismiss, so the district court gave him another opportunity. The court directed Deloney to explain whether he could have obtained Hall's affidavit earlier, and

when Deloney filed nothing in response, the court dismissed his petition as untimely.

Judgment was entered on August 25, 2005. On September 21 the court received what Deloney captioned as a "Petition for Rehearing." In that submission, which Deloney signed on September 16, he asserted that he was misled by an earlier minute order that set a briefing schedule on the state's motion to dismiss without mentioning any demand for more information and noting that the court would rule by mail. Deloney also asserted that he could not have filed his § 2254 petition before obtaining Hall's affidavit, that he worked "assiduously" to obtain it, and that he could not be faulted for not obtaining the affidavit sooner. Because Deloney's postjudgment motion was filed more than ten business days after the entry of judgment, the district court construed it as a motion under Rule 60(b) to set aside the judgment. The court denied the motion, rejecting Deloney's assertion that he was confused as to the necessity of submitting further information about Hall's affidavit because the order directing him to do so "could hardly have been clearer." The district court also rejected Deloney's "belated" explanation concerning his efforts to obtain the affidavit because he should have offered that explanation before the entry of judgment.

As an initial matter, we lack jurisdiction to review the district court's denial of collateral relief because Deloney did not file a timely appeal. Deloney had thirty days from the entry of judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A), but he did not file until more than six months later. Although a motion under Federal Rule of Civil Procedure 59(e) filed within ten days after the entry of judgment will toll the deadline to file a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(iv), Deloney's motion is deemed to be one under Rule 60(b) because it was not even finished until September 16, fifteen business days after the entry of judgment. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). And unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for appealing the underlying judgment. Fed. R. App. P. 4(a)(4)(A)(vi). Accordingly, because Deloney's notice of appeal was timely only with regard to his Rule 60(b) motion, we limited the appeal to the order denying that motion.

Rule 60(b) permits a district court to relieve a party from a judgment on several grounds, including mistake, excusable neglect, or newly discovered evidence. Fed. R. Civ. P. 60(b). Rule 60 relief is available to a petitioner seeking to reopen a previously dismissed action under § 2254, so long as the motion does not "present a revisitation of the merits," a concern not raised here. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *see also Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006). We review a district court's denial of relief under Rule 60(b) for abuse of discretion, *Arrieta*, 461 F.3d at 864, which we will find only if there is a substantial danger that the dismissal was fundamentally unjust. *McCormick v.*

*City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). We find no such danger here. Deloney, in his postjudgment motion, sought relief from the judgment on the ground of excusable neglect: he said he was unaware that he was supposed to submit additional information. But the district court did not abuse its discretion in concluding that its order directing Deloney to provide that information was clear: "Petitioner is directed to file, on or before 8/8/05, a surreply identifying any and all reasons why he did not obtain the affidavit of Brenda Hall at an earlier date." The district court was not required to accept Deloney's proffered excuse, for it is well settled that "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *McCormick*, 230 F.3d at 327. Nor do we find an abuse of discretion in the district court's refusal to entertain Deloney's belated explanation concerning his prior unfruitful efforts to obtain Hall's affidavit; "Rule 60(b) . . . does not provide relief simply because litigants belatedly present new facts or arguments after the district court has made its final ruling." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001).

Finally, we note that Deloney has never argued that he was unaware of Hall's recantation until he obtained her affidavit. Indeed, more than eight months before he received the affidavit, he alleged in his state postconviction petition that prosecutors intimidated and coerced *all* of the witnesses who testified at his trial, including Hall. Hall's affidavit was merely one additional piece of evidence supporting that claim, and even Deloney describes the affidavit as evidence that "solidified" the claim. The statute of limitations began running when Deloney became aware of the facts giving rise to his claim, not when he obtained the evidence to support it. *See, e.g.*, *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005); *Johnson v. McBride*, 381 F.3d 587, 588-89 (7th Cir. 2004). That he did not have an affidavit in hand was not a valid excuse for waiting to bring his § 2254 petition.

Accordingly, we AFFIRM the denial of Deloney's motion.