12-280-cv
Rudaj v. Treanor

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> CHRISTOPHER F. DRONEY,
> > <u>Circuit Judge</u>,
> JOHN F. KEENAN,[*]
> > <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - -X

ALEX RUDAJ,
> <u>Plaintiff-Appellant</u>,

> v.                      12-280-cv

TIMOTHY TREANOR, JENNIFER RODGERS,
BENJAMIN GRUSTEIN, DENISE L. COTE,
RICHARD FALSONE, MICHAEL BRESLIN,

---

[*]     Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

**RICHARD DERMBERGER, DENNIS GALLEGO, JAMES KOUSOUROS, MICHAEL J. GARCIA, CHRISTINA PAGLIA BISCHOFF, DAVID N. KELLEY, PREET BHARARA, JOHNATHAN KOLADNER, SHARON COHEN LEVIN, JOHN KATEHIS, and others unknown and unknown,**

**Defendants-Appellees,**

**WILFRED FEINBERG, ROGER MINER, BARRINGTON PARKER,**

**Defendants.**

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**        Alex Rudaj, <u>pro se</u>, Fort Dix, New Jersey.

**FOR APPELLEES:**        Amy Ann Barcelo (Elizabeth M. Tulis and Sarah S. Normand, <u>on the brief</u>) <u>for</u> Richard Zabel, Acting United States Attorney for the Southern District of New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alex Rudaj, pro se, appeals from the district court's judgment dismissing his complaint brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for failure to state a claim pursuant to 28 U.S.C. § 1915(e). In a previous order in this appeal, we directed the appeal to proceed on Appellant's claim that federal and state agents, acting in their individual capacities under the color of federal authority, violated his Fourth Amendment rights by conducting a search of his home without a warrant and dismissed the appeal with respect to all of Appellant's other claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's § 1915(e)(2) dismissal of a complaint de novo. See Giano v. Goord, 250 F.3d 146, 150 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, we look for such allegations by reading pro se complaints with "special solicitude" and interpreting them to raise the "strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).

Rudaj's Fourth Amendment claim is time-barred.[1] "The statute of limitations for Bivens actions arising in New York is three years." Tapia-Ortiz v. Doe, 171 F.3d 150, 151 (2d Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 251 (1989)); see also N.Y. C.P.L.R. § 214. Under federal law, a Bivens action accrues "when the plaintiff knows or has reason to know of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (internal quotation marks omitted); see also Dominguez v. Hendley, 545 F.3d 585, 589 (7th Cir. 2008) ("Fourth Amendment claims for . . . unlawful searches accrue at the time of (or termination of) the violation.").

Here, the alleged unconstitutional search took place on October 26, 2004. While Rudaj argues that the proper accrual date is the date that his conviction became final, the harm resulting from an unconstitutional search occurs as a result of the search itself, not the later use of unlawfully obtained items as evidence. See Day, 909 F.2d at 77. As Rudaj was present when the search occurred, October 26, 2004, is the date that Rudaj knew of the harm, and

---

[1] We "may affirm on any basis for which there is sufficient support in the record, including grounds not relied upon [by the district court]." Ferran v. Town of Nassau, 471 F.3d 363, 365 (2d Cir. 2006).

3

therefore the date the limitations period began to run. Applying the three-year statute of limitations, the limitations period expired on October 26, 2007; Rudaj's Fourth Amendment claim, filed in October 2011, is time-barred.

New York Civil Practice Law and Rules § 207 did not toll the statute of limitations because that section tolls the statute of limitations only for claims that have accrued *against* a person that has been absent from the state for four months or more; it does not toll the statute of limitations for claims that have accrued in favor of an absent plaintiff, such as Rudaj.

To the extent that Rudaj is claiming that he is entitled to equitable tolling due to his misunderstanding, until 2010, of how a Fourth Amendment violation could give rise to civil liability, neither his pro se status nor his professed ignorance of the law demonstrate "rare and exceptional circumstance[s]" warranting equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000); see also Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (finding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Although we have held that district courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), leave to amend is not necessary when it would be futile, as it would be here. Neither his complaint nor his submissions to this Court suggest that Rudaj could allege any facts giving rise to a timely Fourth Amendment claim.

4

We have considered Appellant's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk