NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 31, 2018[*]
Decided December 28, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-2355

| | |
|---|---|
| CHRISTOPHER W. FILLMORE, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:15-cv-1878-WTL-MJD |
| INDIANA BELL TELEPHONE COMPANY, INCORPORATED and AT&T, *Defendants-Appellees*. | William T. Lawrence, *Judge*. |

**O R D E R**

Christopher Fillmore filed two lawsuits (one in 2015 and one in 2016) based on the same factual allegations that his former employer fired him in retaliation for complaining about race discrimination, among other things. He voluntarily dismissed his 2015 suit to further investigate his claims, brought and lost a second suit (the 2016

---

[*] We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

case) based on the same facts, and then sought to reinstate the 2015 case under Federal Rule of Civil Procedure 60(b). This appeal concerns the district court's denial of Fillmore's motion to reopen the 2015 case and Fillmore's later motion for reconsideration. Because the court did not abuse its discretion in deciding that Fillmore's pro se status did not excuse him from the consequences of voluntarily dismissing his 2015 lawsuit, we affirm the judgment.

Indiana Bell fired Fillmore after employing him for about seven years as an installation and repair technician. In November 2015, Fillmore sued Indiana Bell and AT&T, alleging that his immediate supervisor discriminated against him because of his race and his second-line manager retaliated against him when he reported the discrimination. But Fillmore quickly moved to dismiss his case because an EEOC investigator told him that the agency was still investigating his complaint. Fillmore told the court that he wanted to gather additional information and refile with a "more concerted argument." The court dismissed the case without prejudice and entered judgment.

Soon after, Fillmore filed a second, more comprehensive, complaint against only Indiana Bell—the 2016 case. He alleged that his supervisor discriminated against him because of his race and that both his supervisor and second-line manager retaliated against him after Fillmore filed grievances. The district court entered summary judgment for Indiana Bell. The judge ruled that Fillmore's Title VII claims were untimely and that his claims under 42 U.S.C. § 1981 also failed because he did not submit sufficient evidence to prove his claims. We later affirmed that judgment in *Fillmore v. Indiana Bell Telephone Co.*, 729 F. App'x 471, 472 (7th Cir. 2018).

Five days after summary judgment was entered in the 2016 case, Fillmore moved under Federal Rule of Civil Procedure 60(b) to reinstate his 2015 suit. He asserted that his EEOC charge was not being investigated as he thought it was and that his layperson status caused him to make a "mistake" or other "excusable neglect" within the meaning of Rule 60(b)(1) when he dismissed his case. His pro se status, Fillmore explained, meant that he did not realize the consequence of his voluntary dismissal: that his Title VII claims would be untimely if brought in a new suit. Fillmore alternatively urged the court to consider this unfortunate result to be "any … reason that justifies relief" under Rule 60(b)(6). The district court denied his motion, ruling that Fillmore's decision to voluntarily dismiss his case was strategic rather than a mistake and that Fillmore's pro se status did not excuse him from the consequences of that decision. Fillmore moved for reconsideration, arguing that "he is as lay as any man gets" and was not

versed enough in the law to make strategic decisions—instead he made a "technical error."

Before the court ruled on Fillmore's motion to reconsider, Fillmore filed a notice of appeal from the denial of his Rule 60(b) motion. In his notice, Fillmore stated that if his motion for reconsideration were to be denied, he wished to preemptively contest that decision on appeal as well. The district court then treated his motion to reconsider as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and denied it because Fillmore did not point to any manifest error of law or fact or to any newly discovered evidence. Fillmore did not file a second notice of appeal contesting this ruling, nor did he amend his earlier-filed notice of appeal to include it.

Fillmore primarily argues on appeal that the district court should have granted him relief under Federal Rule of Civil Procedure 60(b)(5), though he did not cite that part of the rule in his motion. He insists that his decision to dismiss his 2015 case voluntarily was not strategic, but that his pro se status and lack of litigation experience caused him to make a "technical error." Contending that the judgment is inequitable, he asserts that his inexperience should not prevent him from litigating the merits.

Despite his characterization, though, Rule 60(b)(1) was Fillmore's only proper avenue of relief. "A litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitation has committed a mistake" within the meaning of Rule 60(b)(1). *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). But to qualify for relief under this rule, Fillmore had to file his motion to reopen within one year of the dismissal of his case, *see* FED. R. CIV. P. 60(c)(1). He did not. And because his argument falls within the ambit of Rule 60(b)(1), Fillmore cannot argue alternatively that his ill-advised decision to voluntarily dismiss his lawsuit was an "exceptional circumstance" justifying relief under Rule 60(b)(6). *See Arrieta*, 461 F.3d at 865.

To the extent that Fillmore also challenges the district court's denial of his Rule 59(e) motion, we lack jurisdiction to review that ruling. Before the district court denied the motion, Fillmore had filed a notice of appeal that properly designated the order denying the Rule 60(b) motion, *see* FED. R. APP. P. 3(c)(1)(B). But its discussion of a then-hypothetical denial order of his motion to reconsider was not a proper designation of an actual "judgment, order, or part thereof being appealed." *Id.*; *see Marshall v. Comm'r Pa. Dep't of Corr.*, 840 F.3d 92, 98–99 (3d Cir. 2016); *B. Willis, C.P.A., Inc. v. BNSF Ry.*, 531 F.3d 1282, 1296 (10th Cir. 2008). Because Fillmore failed to file a new or amended notice of appeal as required under Federal Rule of Appellate Procedure

4(a)(4)(B)(ii) after receiving an adverse ruling, we lack jurisdiction to review the district court's denial of his motion to reconsider. *See Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012).

AFFIRMED