# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-3088

SONIA INGRAM, et al.,

*Petitioners-Appellants,*

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,

*Respondents-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 3773—**Ruben Castillo**, *Judge.*

———————

ARGUED FEBRUARY 11, 2004—DECIDED JUNE 15, 2004

———————

Before EASTERBROOK, KANNE, and WILLIAMS, *Circuit Judges.*

PER CURIAM. This appeal arises from an action filed in 1996 which became a class action representing over 900 female financial consultants of Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), alleging gender-based discrimination in violation of Title VII of the Civil Rights Act of 1964 and a host of common law claims. The parties eventually agreed to settle the case, and a stipulation of settlement was reached in June 1998. After a Fairness Hearing in September 1998, at which both parties had the opportunity to object to any of the settlement

provisions, the district court approved the settlement stip-
ulation and it became effective November 2, 1998. Pursuant
to the stipulation's provisions, over 900 class members have
brought individual claims, some 94 percent of which have
been resolved.

On April 8, 2003, about four and a half years after the
settlement stipulation was approved without objections, the
eleven appellants, who are among the 900 class members
(seven of whom had their claims resolved), filed a petition
seeking substantial revisions in the settlement order. Sonia
Ingram and ten class members sought the replacement of
class counsel, disgorgement of all attorneys' fees paid to
class counsel and such other relief as may be required to do
justice to the class. Following extensive briefing by the
parties and a hearing before Judge Ruben Castillo, on July
8, 2003, the district court denied Petitioners' requests for
replacement of class counsel and disgorgement of attorneys'
fees both as untimely (over four years after the stipulated
settlement was approved) and meritless (finding the attor-
neys' fees reasonable and the contingency fees and other
class counsel actions ethically sound). However, the court
granted the Petitioners' request for "other relief as may be
required to do justice to the class" in the court's words, "to
the extent that the court will allow [Petitioners' counsel] to
bring further class concerns to the Court's attention on a
timely basis." Although it is unclear from the Petitioners'
brief whether they appeal all the district court's rulings, we
construe their appeal to be limited to the requests for relief
which the district court denied. We now affirm.

Although not expressly labeled under any procedural
heading, we construe the appellants' petition as a request
for relief from a judgment or order under Rule 60(b) of the
Federal Rules of Civil Procedure. In their explanation for
why their petition should not be deemed untimely, the
appellants themselves suggest this approach, as the sole
case they cite in support of their position, *Kagan v. Cater-*

*pillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986), concerns the timeliness of a motion under that rule. We therefore review the district court's ruling for abuse of discretion. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000).

No matter what subsection of Rule 60(b) Petitioners cite to support their request, it is untimely. Motions brought under subsections one, two, or three of Rule 60(b) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). As for a motion under the remaining subsections of the rule, including under its catchall provision in subsection six (motion for "any other reason justifying relief from the operation of the judgment"), it must be made "within a reasonable time." *Id.* The appellants correctly note that what constitutes "reasonable time" for a filing under Rule 60(b) depends on the facts of each case. Although "[t]here is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion," we look at "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Kagan*, 795 F.2d at 610 (internal citations omitted).

In the present case, the interest in finality militates affirming the dismissal of the petition. The relief sought by the appellants at this late date might have been justified if they proffered persuasive reasons why they failed to object to, or appeal, the stipulation in, or shortly after, September 1998. However, they offer no such explanations. Their bald allegation, unsupported by any proof, that they were unable to find counsel is not enough. Nor does their claim that appellees may have "corrupted" the judicial process by obtaining district court approval of the now-contested settlement agreement excuse the untimeliness of their petition. As for the appellants' argument that they lacked information necessary to bring the petition earlier, we find

it equally unpersuasive. The appellants knew all the terms of the settlement agreement—including the confidentiality of the individual mediation process—at the time they agreed to the settlement stipulation and when it was approved by the court in September 1998. What was previously agreed to as confidential cannot now be challenged as wrongfully "secret." These arguments do not justify setting aside over 800 individual settlement agreements four and a half years after the court approved the settlement stipulation. The prejudice to Merrill Lynch and appellants' class counsel, and especially to other claimants not party to this appeal, which would result from disturbing the progress of the settlement process, clearly supports the outcome reached by the district court.

Given the lack of any factual or legal support for the appellants' arguments on appeal, we find that the district court did not abuse its discretion when it denied the appellants' petition as untimely, and AFFIRM the district court's dismissal of appellants' petition.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*