**Stephen P. WALLACE, Plaintiff–Appellant,**

v.

**LINCOLN LIFE d/b/a Lincoln Financial Group, Defendant–Appellee.**

No. 04–3687.

United States Court of Appeals, Seventh Circuit.

Submitted March 21, 2005.*

Decided March 21, 2005.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Stephen P. Wallace, Tulsa, OK, pro se.

Jason T. Clagg, Barnes & Thornburg, Fort Wayne, IN, for Defendant–Appellee.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

This case arises tangentially from an inheritance dispute in Oklahoma. It was brought by Stephen Wallace after his mother, Lorice, died in May 2003. The defendant, Lincoln National Life Insurance Company, had issued Lorice a $1,000,000 life insurance policy in 1992, payable to the Trust Company of Oklahoma, thence to be distributed to her children. According to Wallace, the Trust Company (which is apparently controlled by one of Lorice's nephews) breached its fiduciary duty to him and his sisters by converting the bulk of his mother's estate to its own use. Wallace informed Lincoln of this alleged misfeasance and asked it not to put the insurance proceeds into the Trust Company's hands.

To extricate itself from this dispute, Lincoln filed an interpleader action, see 28 U.S.C. § 1335, in the Northern District of Oklahoma, Case No. 03–CV–510–C–(M), leaving it to the court to determine who was entitled to the proceeds. But Wallace did not trust the Oklahoma court to be sufficiently impartial (though he himself lives in Oklahoma) and instead wanted the action filed in the district court in Indiana, where Lincoln is based. Of course, the Indiana court wasn't a viable option: an interpleader action under § 1335 must be filed in a district in which one or more of the claimants resides, not the district of the interpleading party, see 28 U.S.C. § 1397, and there is no suggestion that any of the claimants in this case resides in Indiana.

Wallace nevertheless filed this diversity lawsuit to force Lincoln to proceed in Indiana rather than Oklahoma, alleging that its refusal to do so was a breach of contract and of good faith. The Indiana district court dismissed the complaint for failure to state a claim, finding that Wallace had not identified any injury-in-fact resulting from Lincoln's refusal to interplead the funds in Indiana, and so entered judgment in favor of Lincoln on March 29, 2004.

Wallace then filed a series of post-judgment motions, including a "Motion for Leave to file an Amended Petition Out of Time." Ruling on this motion on August 11, 2004, the district court observed that because final judgment had already been entered, an amended complaint could not be filed unless that judgment was set aside or vacated pursuant to a motion under Fed.R.Civ.P. 59(e) or 60(b). Construing Wallace's motion liberally, however, the court treated it "as a motion for leave to file out of time Rule 59(e) or 60(b) motions" and stated that it would "allow the Plaintiff ten days from the issuance of this Order to file such motions." Almost two months later, on October 4, 2004, Wallace

filed an "Emergency Motion to Vacate," invoking Fed.R.Civ.P. 60(b)(4). The court denied the motion, in part because "the ten days allowed by the Court to file Rule 59(e) or 60(b) motions have long expired."

■ The court made two errors. First, district courts have no authority to extend the time for filing motions under Rules 59(e) and 60(b). *See* Fed.R.Civ.P. 6(b); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 761 (7th Cir.2001) (Rule 59(e)); *United States v. Deutsch*, 981 F.2d 299, 302 (7th Cir.1992) (Rule 60(b)). Second, although the ten-day deadline for filing a Rule 59(e) motion had indeed expired, the deadline had not yet expired for filing a motion under Rule 60(b), which must be made (depending on the motion's basis) either "within a reasonable time" or "not more than one year after the judgment." *See* Fed.R.Civ.P. 60(b); *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir.2004).

■ It makes no difference, though. As the district court observed, not only was Wallace's motion filed later than the court had ordered, it was also "not even close to meeting the required standard" under either Rule 59(e) or Rule 60(b). Although the motion purported to rely on Rule 60(b)(4), which allows relief from void judgments, it offered no reason (such as a lack of jurisdiction) to think that the court's August 11 order was void. *See Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1018 (7th Cir.2002) ("Rule 60(b)(4) is primarily intended for cases where the suit in which the judgment sought to be vacated was entered was outside the jurisdiction of the district court."). We therefore affirm the order denying Wallace's Rule 60(b) motion—the only order identified in Wallace's notice of appeal. *See Librizzi v. Children's Mem'l*

*Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir. 1998).

One further matter deserves note. On November 17, 2004, the Oklahoma district court entered judgment for Lincoln in its interpleader action, discharging it of any further responsibility in connection with the proceeds from Lorice Wallace's life insurance policy. The court also permanently enjoined the defendants in that case—including Stephen Wallace—"from instituting or prosecuting any proceedings against [Lincoln], in any State or United States Court, regarding the Policy and the proceeds thereof, except as specifically provided herein." Although this appeal was instituted before the Oklahoma court issued its injunction, Wallace has continued to prosecute it in apparent defiance of the injunction. Accordingly, we direct the Clerk of this court to send a copy of this order to the Clerk of the United States District Court for the Northern District of Oklahoma.

AFFIRMED.