**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 1, 2005
Decided September 13, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-2435

| | |
|---|---|
| EDGAR JACKSON and BETH-EL ALL NATION CHURCH, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 02 C 7574 |
| CITY OF CHICAGO, et al., *Defendants-Appellees*. | James B. Zagel, *Judge* |

**O R D E R**

Reverend Edgar Jackson and Beth-El All Nation Church sued the City of Chicago and a number of city officials for filing an allegedly unlawful eviction action against them in state court.  The district court dismissed the complaint for failure to state a claim.  The Church did not appeal that dismissal, and instead seventeen months later filed a self-styled motion for "clarification" of the court's dismissal order, but the motion was denied as untimely.  The Church now appeals and we affirm.

In August 2002 the City served Rev. Jackson and the Beth-El All Nation Church (collectively The Church) with a notice of termination of tenancy for property located at 6430-40 South Ashland Avenue in Chicago.  Shortly thereafter, the City prevailed in its state-court eviction action against the Church and recovered the property.  The Church then filed this federal lawsuit, alleging that the state-court eviction action violated its due process and equal protection rights and its right to be free from unlawful seizures, and resulted in a civil conspiracy, conversion, and negligent infliction of emotional distress.  The City moved to dismiss the federal suit, arguing that the claims were barred by the *Rooker-Feldman* doctrine and res judicata, or in the alternative that the court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971).  Without elaboration, the court in December 2002 granted the motion.

Seventeen months later, in April 2004, the Church moved for "clarification of the court's December 2002 dismissal order."  The Church argued that the underlying suit should not have been dismissed based on the *Rooker-Feldman* doctrine or res judicata, and that *Younger* abstention was inappropriate.  The district court denied the motion as untimely, stating that there was "no justification under Rules 59 or 60 for so late [a] filing."

The Church appealed this denial.  The Church did not challenge the court's ruling that the motion was untimely, arguing instead that the court—before dismissing the case—should have made specific findings of fact and stated its conclusions of law, as provided in Fed. R. Civ. P. 52(a).  The Church contends that the court's failure to specify whether the dismissal was based on the *Rooker-Feldman* doctrine or res judicata, or whether the court abstained under *Younger* left its decision "hopelessly ambiguous."  And in any event, the Church added, dismissal under any of those three grounds would be erroneous.

We do not have jurisdiction to consider the district court's dismissal (in December 2002) of the underlying suit because the Church did not timely appeal that decision.  The Church had 30 days from the district court's entry of judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(A); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001), and it failed to do so.  It also failed to timely file any motion that would have tolled the time to file an appeal. Fed. R. App. P. 4(a)(4)(A); *Easley v. Kirmsee*, 382 F.3d 693, 696 n.3 (7th Cir. 2004).

Therefore, the Church is limited here to arguing that its post-judgment motion for "clarification" was improperly dismissed.  Because the motion sought to set aside the underlying dismissal as improper and was filed more than 10 days after the dismissal was entered, it became a motion under Fed. R. Civ. P. 60(b). *Talano*, 273 F.3d at 762.  But Rule 60(b) is not intended to correct legal errors by the district judge; "the ground for setting aside a judgment under Rule 60(b) must

be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 241 F.3d 798, 801 (7th Cir. 2000). Relief under Rule 60(b) is reserved for "special circumstances" justifying an "extraordinary remedy." *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (internal quotation and citation omitted). A district court's dismissal of a Rule 60 motion as untimely is reviewed for an abuse of discretion. *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 951 (7th Cir. 2004) (per curiam).

Regardless of what subsection of Rule 60(b) the Church might invoke, its motion was untimely. Motions brought under subsections one, two, or three of Rule 60(b) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b). As for a motion under the remaining subsections of the rule, including the catch-all provision in subsection six, it must be made "within a reasonable time," *id.*, and what constitutes reasonable time depends on the facts of each case. *Ingram*, 371 F.3d at 952. Although "there is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion, we look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Id.* (internal quotation and citation omitted). Here the Church has not offered any justification for the seventeen-month delay in filing its post-judgment motion, and thus has failed to show that the district court abused its discretion in denying the motion as untimely.

AFFIRMED.