NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 17, 2007
Decided April 19, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** ILANA DIAMOND ROVNER, Circuit Judge

No. 05-4719

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

MARTIN VALADEZ,
  *Defendant-Appellant.*

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 04 CR 534
John W. Darrah, *Judge.*

## Order

Martin Valadez has been sentenced to life imprisonment following his convictions of drug offenses and money laundering. His appointed counsel has filed a motion to withdraw from the appeal under *Anders v. California*, 386 U.S. 738 (1967). Valadez was invited to respond, see Circuit Rule 51(b), and has done so.

The district court allowed the prosecution to introduce recorded conversations between Valadez and an informant. We agree with counsel's assessment that a challenge to this decision would be frivolous. The district judge relied on Fed. R. Evid. 901, which allows a recorded conversation to be admitted if sufficient evidence shows that the recording is accurate. Establishing a chain of custody is one way to meet this standard; demonstrating the reliability of a recording via technical attributes of the recording system is another; identification of the voice by persons who know the speaker is a third. See *United States v. Eberhart*, 467 F.3d 659, 667 (7th Cir. 2006). The district court—making the admissibility decision under Fed. R. Evid. 104(a)—credited the prosecution's evidence that the recording was made by a

digital device that precluded erasing, altering, or recording over any track, and that marked every track with an accurate date and time. The evidence also showed the recording's chain of custody. Finally, three witnesses acquainted with the voices of Valadez and the informant identified them as the persons heard on the recordings. The recordings therefore were admissible.

As for the sentence: the district judge concluded that Valadez distributed at least 50 kilograms of cocaine, producing a base offense level of 36, see U.S.S.G. §2D1.1(c), which the judge raised to 43 because Valadez possessed guns, played a leadership role, obstructed justice, and committed a murder in the course of his crimes. See U.S.S.G. §2A1.1, §2D1.1(b)(1), (d)(1), §3B1.1, §3C1.1. Counsel concludes that a challenge to these calculations would be frivolous in light of the compelling evidence supporting them; we agree with that conclusion. It is unnecessary to spell out the supporting details in this non-precedential order.

That leads to the question whether the life sentence was reasonable. Like counsel, we think that any challenge would be frivolous. A life sentence is entirely appropriate for the leader of a large-scale drug-distribution enterprise who commits murder in order to keep his business going. See *United States v. Lopez*, 430 F.3d 854, 856-57 (7th Cir. 2005).

In addition to arguing that some of the points we have already considered are substantial enough to press forward with an appeal, Valadez asks us to consider whether the district court had subject-matter jurisdiction. He believes that the omission of drug quantities from the indictment spoiled the district court's authority to entertain the prosecution. A functionally identical argument was considered and rejected in *United States v. Cotton*, 535 U.S. 625 (2002). That decision would make it frivolous for counsel to advance such an argument in this case.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.