**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 21, 2008[*]

Decided August 21, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-3143

| | |
|---|---|
| MARTIN VALADEZ, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 04 C 568 |
| KENNETH RYDZ, | |
| *Defendant-Appellee.* | James B. Zagel, |
| | *Judge.* |

**O R D E R**

Martin Valadez had two cases pending in federal court at the same time. In one, he was convicted on money-laundering and drug charges and given a life sentence. See *United States v. Valadez*, 222 F. App'x 527 (7th Cir. 2007) (granting counsel's motion to withdraw and dismissing appeal). In the other case, he claimed that Officer Kenneth Rydz

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

beat him during an unlawful arrest more than one year before his indictment in the criminal case. In June 2005, after Valadez had been found guilty, but before he was sentenced in the criminal case, the district court dismissed the civil suit for want of prosecution because Valadez's retained lawyer had withdrawn and Valadez had not found a replacement or appeared *pro se*. Then, nearly two years later, in May 2007, Valadez moved to set aside the dismissal. He conceded that he knew his lawyer intended to withdraw but asserted that he did not discover that he was unrepresented until November 2006. The district court construed Valadez's motion as one seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b) and denied it. The court concluded that, even if Valadez had believed until November 2006 that he was still represented by his retained lawyer, that belief was unreasonable and could not be a ground for vacating the final judgment. In any event, the court explained, the time between Valadez's purported discovery of the dismissal in November 2006 and his filing of the Rule 60(b) motion in May 2007 was not the "reasonable time" required by Rule 60(c)(1).

On appeal Valadez argues first that the district court erred when it dismissed the underlying suit for want of prosecution. See FED. R. CIV. P. 41(b). Valadez may be right that the court should have done more to warn him before dismissing, see, *e.g., Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008) (explicit warning ordinarily must precede dismissal for want of prosecution), but it is too late to challenge the dismissal. The only ruling from which Valadez has timely appealed is the district court's denial of his motion for relief from judgment under Rule 60(b). We review that decision for abuse of discretion, see *Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008), and we find no abuse here.

Valadez's postjudgment motion falls under Rule 60(b)(1), which allows a district court to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" if a motion is made not later than one year after the entry of that final judgment. FED. R. CIV. P. 60(b)(1), (c)(1); see, *e.g., Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Valadez alleges that his lawyer and the district court did not keep him apprised of developments in his case; that contention suggests mistake or inadvertence. See, *e.g., Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004); *Castro v. Bd. of Educ.*, 214 F.3d 932, 934 (7th Cir. 2000). He also asserts that his lack of attention is understandable given the obstacles facing a *pro se* litigant who is imprisoned; that contention suggests excusable neglect. See, *e.g., Martinez v. City of Chi.*, 499 F.3d 721, 727-28 (7th Cir. 2007); *Harrington v. City of Chi.*, 433 F.3d 542, 546-49 (7th Cir. 2006). Valadez's motion was made more than one year after the entry of final judgment, so he tries to avoid the time limit that applies to motions under Rule 60(b)(1) by arguing that his motion actually falls under Rule 60(b)(6). That subsection, which is not subject to the absolute limit of one year, allows a district court to grant relief from a final judgment for "any other

reason" when a motion is filed within a reasonable time after entry of judgment. See *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004). Valadez says his motion falls under Rule 60(b)(6), but he does not explain *why* and in any event subsections (b)(1) and (b)(6) are mutually exclusive; subsection (b)(6) cannot be invoked to override the one-year limitation on motions that fall under subsection (b)(1). See *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993); *Arrieta v. Battaglia,* 461 F.3d 861, 865 (7th Cir. 2006). This is hardly the extraordinary case where the party seeking to set aside the judgment could not possibly have discovered the ground for doing so within one year. See, *e.g., Lowe*, 361 F.3d at 342. Valadez knew in April 2005 that his lawyer was going to move to withdraw, but he failed to make any inquiries into the status of his case until more than one year later. Federal Rule of Civil Procedure 60(b)(1) sets a strict one-year time limit, see *Arrieta*, 461 F.3d at 864, with which Valadez did not comply. Thus, the judgment of the district court is AFFIRMED.