NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009[*]
Decided April 2, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3558

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
|     *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 05 C 3521 |
| WILLIAM MOOREHEAD and | |
| WILLIAM MOOREHEAD & | Suzanne B. Conlon, |
| ASSOCIATES, INC., | *Judge.* |
|     *Defendants-Appellants.* | |

**O R D E R**

William Moorehead and his company, William Moorehead & Associates, misappropriated nearly $1 million from federally insured housing projects, and Moorehead later pleaded guilty to federal criminal charges. In a concurrent civil suit, the government sought recovery, from Moorehead's corporation and Moorehead individually, of all misused funds as well as statutory penalties, see 12 U.S.C. § 1715z-4a. Moorehead agreed to

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

the entry of a consent judgment for $2.8 million, but nearly two years later he moved to vacate the judgment under Federal Rule of Civil Procedure 60(b)(6). The district court denied his motion, and Moorehead appeals that ruling. We affirm.

At the outset, we note that Moorehead is proceeding *pro se* and purports to act not only on his own behalf but also on behalf of William Moorehead & Associates. A corporation, however, may not litigate without the representation of counsel, and, thus, we dismiss the corporation as a party to this appeal. See *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008); *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003).

In his Rule 60(b) motion, filed in December 2007, Moorehead argued that he did not knowingly and voluntarily enter into the stipulation for the consent judgment. When he signed the stipulation in January 2006, he asserted, he was undergoing treatment for depression and experiencing severe emotional and financial strain. He also attached a cursory note, dated July 10, 2007, from his primary care physician, stating that during 2005 and 2006 Moorehead was diagnosed with depression that caused severe mental strain and impaired judgment. Finally, Moorehead claimed that his counsel rendered ineffective assistance by "push[ing] him to sign the stipulation" through assurances that he would seek to overturn the judgment, but later failed to do so.

The district judge, essentially tracking the analysis set forth in a magistrate judge's report and recommendation, concluded that Moorehead's motion was untimely. The judge determined that Moorehead failed to file his motion within a reasonable time or to explain his nearly two-year delay. The judge noted that Moorehead was aware of the various circumstances "at least two years before his attack on the judgment," and in any event he failed to explain why he delayed filing for five months after receiving his doctor's letter. And even if Moorehead's motion were timely, the judge continued, Moorehead "failed to show extraordinary reasons for setting aside the consent judgment."

On appeal Moorehead argues that his motion was filed within a reasonable time, as required by Rule 60(b)(6). He repeats his contention that his delay in filing was caused by his attorney's ineffectiveness, including the attorney's false assurance that he would challenge the consent judgment. But Moorehead does not explain why he waited for nearly two years before taking any action, or why he waited five months after receiving his doctor's note to file the motion. In the absence of any persuasive reasons for his delay, the district court did not abuse its discretion in concluding that the delay was unreasonable. See *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (four-year delay in filing Rule 60(b)(6) motion challenging settlement was untimely given lack of supporting proof or persuasive reasons for delay).

   Nor has Moorehead presented anything to challenge the district court's conclusion that, even if his motion were timely, he did not establish extraordinary grounds sufficient for Rule 60(b)(6) relief.  See *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006).  Moorehead reasserts that his consent to the judgment was not knowing and voluntary.  But none of the material Moorehead relies upon—his own affidavit or the brief doctor's note—is sufficient to undermine his sworn statement in the stipulation itself that he "freely and voluntarily entered into [the stipulation] without any degree of duress or compulsion whatsoever."  See *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 459 (6th Cir. 2008); *cf. Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (explaining that mental illness equitably tolls a statute of limitations "only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them").  Moorehead also reasserts that his attorney provided ineffective assistance by pushing him to agree to a judgment that was unfavorable to him, given Moorehead's belief that the government lacked evidence to support its claim.  But there is no right to effective assistance of counsel in a civil case, and Moorehead may not therefore collaterally attack the consent judgment on this basis.  See *Stanciel v. Gramley*, 267 F.3d 575, 580-81 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000).

   Accordingly, we AFFIRM the judgment of the district court with respect to Moorehead.  The appeal is DISMISSED as to William Moorehead & Associates.