NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 25, 2010[*]
Decided May 26, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3688

| | |
|---|---|
| MARYLYNN DIXON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 06-cv-0141-MJR |
| | |
| MICHAEL J. ASTRUE, | Michael J. Reagan, |
| Commissioner of Social Security, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Marylynn Dixon filed for judicial review of a decision of the Social Security Commissioner denying her disability benefits. Dixon never served the defendant, however. Eleven months later, the district court issued a "Notice of Impending Dismissal" informing her that she needed to serve the defendant or, if service had been perfected, seek default. Dixon did not perfect service but sought default anyway. Three additional months later the

---

[*]After examining the brief and the record, we conclude that oral argument is not necessary. *See* FED. R. APP. P. 34(a)(2)(C). The appellee was not served with process in the district court and is not participating in this appeal.

court again warned her that she needed to perfect service or the case would be dismissed for lack of prosecution. Dixon did nothing, so the court dismissed the case. Two years later Dixon filed a cursory motion to vacate, claiming generally that she "did not receive the Notice of Electronic Filings" and did not know of the order threatening dismissal or the subsequent order dismissing the case. The court construed the motion as being brought under FED. R. CIV. P. 60(b), and denied the motion. The court found that the "docketing information belie[d]" Dixon's assertion that she had no notice of the court's warning of dismissal, and that the two-year passage of time between the dismissal and the motion to vacate was unreasonable.

On appeal Dixon argues that her Rule 60(b) motion was not dilatory and that she is entitled to relief because she did not know about the orders threatening dismissal and dismissing her case. But relief under Rule 60(b) is an "extraordinary remedy" and "granted only in exceptional circumstances," *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000)). Here Dixon offered nothing other than her "bald allegation, unsupported by any proof," such as an affidavit, that she did not receive the notice; under the circumstances, the district court acted within its discretion in denying the motion. *See Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004).

AFFIRMED.