**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012[*]
Decided November 20, 2012
Amended December 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1367

| | |
|---|---|
| ANTONIO I. BRYANT, <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
|     *v.* | No. 06 C 114 |
| GENERAL PACKAGING PRODUCTS, INC., <br>     *Defendant-Appellee.* | Elaine E. Bucklo, <br> *Judge.* |

**A M E N D E D   O R D E R**

Antonio Bryant is before us a second time. He last appealed in 2007 after the district court had denied his motion to vacate a settlement agreement reached with his employer, General Packaging Products. We dismissed that appeal because Bryant had not made an

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

intelligible argument, *see* FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001), and granted General Packaging's motion for attorney fees as an appellate sanction, *Bryant v. Gen. Packaging Prods., Inc.*, 322 F. App'x 451 (7th Cir. 2008).

Three years after our decision, Bryant filed another motion asking the district court to vacate the settlement, this time arguing that the magistrate judge who presided over the settlement conference had made inappropriate comments that coerced him to accept the defendant's $20,000 offer. Bryant's appeal from the court's one-sentence denial of that motion, like his previous appeal, is frivolous. The district court would have been able to give effect to Bryant's postjudgment motion only under Federal Rule of Civil Procedure 60(b). *See Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 665 (7th Cir. 2012); *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). But Bryant did not cite that rule or explain which subsection entitled him to relief; that failure alone permitted the court to deny the motion. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). Moreover, even if Bryant had articulated an argument under Rule 60(b), a postjudgment motion under even the "catchall" provision of that rule cannot be granted unless it is filed within a reasonable time after the judgment. FED. R. CIV. P. 60(c)(1); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006); *Ingram v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). Bryant has not even attempted to explain how his motion was filed in a reasonable time when it came more than four years after the judgment and his previous motion attacking the settlement on a different ground.

AFFIRMED.