NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 23, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-3123

| | |
|---|---|
| JAMES E. LUNDEEN, SR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:12-cv-00696-SEB-DKL |
| FRANCES L. KELLY, Director of Indiana | |
| Professional License Agency | Sarah Evans Barker, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Dr. James Lundeen appeals the denial of his motion for a preliminary injunction filed in connection with his action under 42 U.S.C. § 1983 challenging provisions of the Indiana Code used by the Medical Licensing Board of Indiana ("Indiana Board") to suspend his Indiana medical license. He had asked the district court to enjoin the Indiana Board from enforcing its suspension order. We affirm.

Lundeen briefly held an unrestricted license to practice medicine in Indiana before it was suspended by the Indiana Board in response to disciplinary action taken by the State Medical Board of Ohio ("Ohio Board"). In May 2011, the Ohio Board had issued an emergency order summarily suspending Lundeen's Ohio medical license based on, among other things, allegations that he was excessively and inappropriately prescribing narcotics and failing to perform appropriate medical exams. The Ohio Board permanently revoked his license seven months later. Upon learning of that ruling, the Attorney General of Indiana asked the Indiana Board to suspend Lundeen's license. The Indiana Board conducted a hearing, and in May 2012 suspended Lundeen's medical license indefinitely. See IND. CODE §§ 25-1-9-4(a)(7), 25-1-9-9(a)(2).

Lundeen then sued the Executive Director of the Indiana Professional Licensing Agency (Frances Kelly) in her official capacity, generally challenging the constitutionality of the Indiana statutes invoked to suspend his license. He soon requested a temporary restraining order or preliminary injunction, seeking to enjoin enforcement of the Indiana Board's suspension order. He argued (1) that he was likely to succeed on the merits because the Indiana code provisions were overinclusive in that they authorized the Indiana Board to discipline doctors like himself who have not engaged in any misconduct in the state; (2) that he would suffer irreparable harm without an injunction because the suspension of his license was tarnishing his reputation; (3) that he had no adequate remedy at law because monetary damages would be difficult to assess; (4) and finally that the balance of harms weighed in his favor because of the benefits that his reinstatement offered the public (in the form of jobs and medical services).

The district court denied Lundeen's requests for injunctive relief. The court first found Lundeen's suit unlikely to succeed because the Indiana Board's ruling was supported by the Ohio Board's decision to revoke his license. See IND. CODE § 25-1-9-4(a)(7). The Ohio Board based its decision on detailed findings about the danger that Lundeen's continued practice posed of serious harm to the public. Second, the court found no evidence showing that Lundeen would suffer irreparable harm if his Indiana license were not immediately restored. Third, the court rejected as speculative any argument that Lundeen lacked an adequate remedy at law through recovery of money damages. Finally, balancing the harms, the court found that the potential danger to Indiana residents of

allowing Lundeen to practice far outweighed any harm he would suffer as a result of the suspension.

Lundeen's arguments on appeal are difficult to grasp, but he generally challenges each of the district court's conclusions regarding the threshold requirements for injunctive relief. For example, he contests the court's finding that he will not suffer irreparable harm in the absence of an injunction, and asserts that the court wrongly assumed he would not be able to find a job; to the contrary, he says, recruiters have offered him numerous positions since February 2012.

We agree with the district court that Lundeen has not met his burden for obtaining injunctive relief. He does not point to anything in the record to dispute the district court's finding that he failed to show he would suffer irreparable harm if his Indiana license were not restored. See *Bedrossian v. Northwestern Mem'l Hosp.,* 409 F.3d 840, 846 (7th Cir. 2005); *Anderson v. U.S.F. Logistics (IMC), Inc.*, 274 F.3d 470, 478 (7th Cir. 2001). Our review is deferential at this stage, see *Hoosier Energy Rural Electric Coop., Inc. v. John Hancock Life Ins. Co.,* 582 F.3d 721, 726 (7th Cir. 2009), and, as the district court observed, Lundeen has not shown that restoration of his license would enable him to secure a job, given his employment history and the expiration of his Drug Enforcement Administration registration. For that matter, Lundeen's position on this point is hard to pin down, because he asserted in his district court filings that he could not secure employment because of the stigma associated with the Indiana Board's discipline.

Lundeen also argues that the district court erred in concluding that he was unlikely to succeed on the merits because it misinterpreted § 25-1-9-9, which, in his view, does not allow the Indiana Board to discipline doctors for misconduct in another state if they did not receive their Indiana medical license through reciprocity. The statute as interpreted by the district court, Lundeen contends, is overinclusive and violates his constitutional right to equal protection.

We are unpersuaded by Lundeen's interpretation of the Indiana code. The district court found that under Indiana law the Indiana Board was empowered to suspend Lundeen's license and he offers no support, either from the text of the code or rooted in public policy, for his argument that the method one uses to obtain a medical license in Indiana has any bearing on how the Indiana Board executes the state's disciplinary provisions. At most Lundeen asserts, without elaborating, that the district court's interpretation violates the Equal Protection Clause of the Fourteenth Amendment by creating classes without a rational basis. But with nothing more than this conclusory

assertion, Lundeen has not met even the low threshold for showing that his chances of succeeding on the merits are better than negligible. See *Michigan v. U.S. Army Corps of Engineers*, 667 F.3d 765, 782 (7th Cir. 2011); *AM General Corp. v. Daimlerchrysler Corp.*, 311 F.3d 796, 803–04 (7th Cir. 2002).

Lundeen's failure to meet two of the three threshold elements for obtaining preliminary injunctive relief is sufficient to end our analysis here. See *Kiel v. City of Kenosha*, 236 F.3d 814, 817 (7th Cir. 2000); *Thornton v. Barnes*, 890 F.2d 1380, 1390 (7th Cir. 1989); see also *González-Droz v. González-Colon*, 573 F.3d 75, 80 (1st Cir. 2009); *Apotex, Inc. v. Food & Drug Admin.*, 449 F.3d 1249, 1253–54 (D.C. Cir. 2006).

AFFIRMED.