James E. LUNDEEN, Sr., Plaintiff–Appellant,

v.

Deborah J. FRYE, Defendant–Appellee.

James E. Lundeen, Sr., Plaintiff–Appellant,

v.

Nicholas Rhoad, et al., Defendants–Appellees.

No. 16–1506, No. 16–2019

United States Court of Appeals, Seventh Circuit.

Submitted September 8, 2016, and October 14, 2016 *

Decided November 18, 2016

Rehearing and Rehearing En Banc Denied December 16, 2016

---

* We have unanimously agreed to decide these cases without oral argument, because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C). The new appeals have been assigned to the panel that handled Lundeen's earlier appeal, pursuant to Internal Operating Procedure 6(b).

James E. Lundeen, Sr., Pro Se.

Andrea Elizabeth Rahman, Attorney, Office of the Attorney General, Indianapolis, IN, for Defendants–Appellees (Case Nos. 16–1506, 16–2019).

Before DIANE P. WOOD, Chief Judge, RICHARD A. POSNER, Circuit Judge, DIANE S. SYKES, Circuit Judge

## ORDER

These two appeals, which we have consolidated for purposes of disposition, represent the latest installments in James E. Lundeen's efforts to regain his Indiana license to practice medicine. In No. 16–1506, Lundeen appeals the denial of his Rule 60(b) motion in the original lawsuit he brought; in No. 16–2019, he challenges the district court's rejection of a second lawsuit, dealing with the identical underlying facts. We conclude that neither appeal has merit. In No. 16–1506, the magistrate judge presiding over the case correctly concluded that Lundeen's motion, which was filed more than a year after his amended complaint was dismissed with prejudice, was untimely, and that in any event he failed to show any exceptional circumstances entitling him to relief. As for No. 16–2019, we agree with the district court that claim preclusion applies; we thus have no need to consider the Eleventh Amendment. We affirm in both cases.

### I. No. 16–1506

This saga began in May 2011, when the State Medical Board of Ohio summarily suspended Lundeen's Ohio medical license on the ground that his "continued practice presents a danger of immediate and serious harm to the public." Notwithstanding that action, on September 27, 2011, the Indiana Medical Licensing Board issued Lundeen an Indiana medical license. Ohio was not finished with him, however: on December 14, 2011, after a hearing, the Ohio Board found that Lundeen had failed to meet minimal standards with respect to his selection or administration of drugs and had otherwise failed to adhere to minimal standards of care, and it permanently revoked his Ohio license. Based on Ohio's action, on February 10, 2012, Indiana summarily suspended Lundeen's Indiana license for 90 days, pursuant to Ind. Code

4–21.5–4 and 25–1–9–10. On May 2, 2012, the Indiana Board issued an order suspending Lundeen's Indiana license indefinitely.

Lundeen promptly responded with a complaint against Frances Kelly, the Executive Director of the Indiana Professional Licensing Agency (which acted for the Indiana Board), in which he argued that the Board acted unconstitutionally when it indefinitely suspended his medical license. In conjunction with that suit, he requested an injunction directing the Indiana Board not to enforce the suspension order. The district court denied his motion, Lundeen took an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1), and this court affirmed. *Lundeen v. Kelly*, 502 Fed.Appx. 584 (7th Cir. 2013).

After his request for preliminary relief failed, Lundeen litigated the merits of his suit in the district court. On March 28, 2013, the district court granted in part and denied in part the defendants' motion to dismiss. Mere days after this setback, Lundeen filed a second case in federal court concerning largely the same matter. The district court on its own motion April 19, 2013, consolidated these two cases. At that point Lundeen amended his complaint.

On July 15, 2013, the case was referred by consent of both parties to Magistrate Judge Denise K. LaRue. See 28 U.S.C. § 636(c). The defendants then filed another motion to dismiss for failure to state a claim and lack of jurisdiction. Magistrate Judge LaRue granted that motion without prejudice on January 7, 2014, but she gave Lundeen an opportunity to file a second amended complaint that corrected the deficiencies she had highlighted. Lundeen followed up on January 24, 2014, with a proffered second amended complaint that added three new parties, four new claims, and some supplemental facts. The court denied Lundeen's motion to file such an expanded new complaint. It found in addition that the new complaint failed to fix the problems with the earlier versions, and so the court dismissed the case with prejudice and entered final judgment against Lundeen on June 10, 2014. Lundeen did not appeal.

Instead, on August 3, 2015, almost 14 months after the entry of final judgment, Lundeen filed a motion seeking relief under Federal Rule of Civil Procedure 60(b)(4), (b)(5), and (d)(3). The court denied relief on all those theories in an order entered January 5, 2016. Lundeen filed a motion to reconsider, which was also denied. He then filed appeal No. 16–1506, which this court limited to the district court's refusal to grant relief under Rule 60 and its decision denying reconsideration of that ruling.

Our review of an order denying relief under Rule 60(b) gives great weight to the district court's conclusions, because that court enjoys broad discretion in these matters. *Philos Technologies, Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir 2015); *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758 (7th Cir. 2010); *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (citing *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)). Reversal is proper only when "no reasonable person could agree with the district court." *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir. 1989)).

■ No such problem exists here. The magistrate judge denied Lundeen's Rule 60(b) motion because it was untimely. Any Rule 60(b) motion must be filed "within a reasonable time." FED. R. CIV. P. 60(c)(1). What constitutes a "reasonable time" de-

pends on the facts of each case. *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004). The court considers "the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). All these considerations weigh against Lundeen.

In reality, Lundeen is trying to relitigate the court's underlying conclusion that it was permissible for the Indiana Board to rely on the Ohio Board's investigation into, and conclusions about, Lundeen's medical practice. Lundeen asserts, for instance, that his former attorney, not a doctor, actually wrote an expert medical report on which the Ohio Board relied, and that this fact somehow justifies relief under Rule 60. He discovered the true authorship, he says, "[i]n late July 2014," about a month after the entry of final judgment. Although Lundeen apparently thinks this information is so valuable it justifies the extraordinary relief provided by Rule 60(b) relief, he took no action for more than a year. *Harold Washington Party v. Cook County, Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993). Lundeen offers no reason for this extended delay. We find no reversible error in the court's decision to reject Lundeen's Rule 60(b) motions for timeliness alone.

Moreover, even if we were to find that the year's delay were excusable, Lundeen would be no better off. He relied on three subsections of Rule 60(b): subpart (b)(4), which grants a court the power to relieve a party from final judgment if that judgment is void; subpart (b)(5), which addresses a judgment that has been satisfied, or that has been reversed or vacated, or that no longer should be applied for equitable reasons; and subpart (d)(3), which preserves the court's power to set aside a judgment for fraud on the court. None of these applies here. Rule 60(b)(4) is "construed very narrowly" to reach judgments for which "the rendering court lacked either subject matter jurisdiction or jurisdiction over the parties." *Matter of Whitney-Forbes, Inc.*, 770 F.2d 692, 696 (7th Cir. 1985); see also *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 951 (7th Cir. 2000) ("A void judgment is not synonymous with erroneous judgment. Even gross errors do not render a judgment void."). The district court's judgment of June 10, 2014, suffered from neither of those flaws, and so Rule 60(b)(4) is inapplicable.

Rule 60(b)(5) is similarly unhelpful. Lundeen has not argued, let alone shown, that the district court's judgment was based on a reversed or vacated judgment or any of the other situations described in subpart (b)(5). His complaints about the actions of the Ohio Board and the Indiana Board's follow-on proceeding come nowhere close to demonstrating a flaw in the underlying judgment.

Finally, all that Rule 60(d)(3) does is to confirm that Rule 60(b) does not supplant the court's ability to set aside any judgment "for fraud on the court." FED. R. CIV. P. 60(d)(3); see also *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). A well-founded motion under Rule 60(d)(3) generally requires "acts that defile the court." *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011) (internal quotation marks excluded). Courts interpret this standard narrowly: the alleged fraud must be "the kind ... that ordinarily couldn't be discovered, despite diligent inquiry, within a year, and in some cases within many years—cases in which there are no

grounds for suspicion and the fraud comes to light serendipitously." *Id.*

█ Lundeen has shown nothing remotely approaching this line. He cannot, in this proceeding, collaterally attack the evidence on which the Ohio Board relied. It is uncontested that the Indiana Board based its decision to revoke Lundeen's Indiana license on Ohio's decision to revoke his Ohio license. And Lundeen does not (and cannot) dispute that the Ohio Board did revoke his Ohio license. Far from being an abuse of discretion, the district court's decision to deny Lundeen's Rule 60 motion (and the motion to reconsider its ruling) was entirely correct.

## II. No. 16–2019

This appeal also arises out of the Indiana Board's decision to revoke Lundeen's medical license based on the Ohio Board's decision that his continued practice of medicine presented an immediate danger to the public. Back in 2014, while Lundeen was waiting to see if the district court would accept his second amended complaint (that is, after January 2014 but before the court's final judgment in June 2014), he decided to file a second lawsuit in the district court. He did so on April 10, 2014. Lundeen's new complaint was, as the district court put it, "a near-carbon copy" of the proposed second amended complaint that Magistrate Judge LaRue refused to allow him to file. The named defendants were, as before, Nicholas Rhoad, the Executive Director of the Indiana Professional Licensing Agency (individual and official capacity); Stephen Huddleston, the President of the Medical Licensing Board of Indiana (individual and official capacity); Amber Swartzell, an Indiana Deputy Attorney General (individual and official capacity); and Frances Kelly (individual capacity only).

█ The defendants moved on October 22, 2014, to dismiss the second action. Al-though they cited several grounds in support of their motion, the district court found it necessary to address only one: res judicata. It concluded that Lundeen was barred under the claim preclusion branch of res judicata from pursuing his new action. The parties are the same as or in privity with the earlier parties; the factual allegations are "a line-by-line facsimile of those asserted in [the] complaint dismissed by Judge LaRue"; and there was a final judgment in the first case. It makes no difference that Lundeen's new complaint resuscitated some claims that appeared only in earlier versions of the complaint in the first case. All of those claims, at a minimum, could have been brought in the first case, and so they may no longer be pursued.

As the district court recognized, this is therefore a textbook case for the application of claim preclusion. Like that court, we have no need to reach the defendants' arguments to the effect that Lundeen's second case was also barred by sovereign immunity.

## III. Conclusion

In summary, we find no abuse of discretion in the court's decision in No. 16–1506 to reject Lundeen's motion under Rule 60 and his motion to reconsider that adverse ruling. In No. 16–2019, we agree with the district court's conclusion that the case is so obviously barred by claim preclusion that it was properly dismissed on the pleadings. We conclude with a warning to Lundeen: stop litigating this matter. He has had more than his day in court, and it is time to accept the result and move on. The decisions of the district courts in both cases are hereby AFFIRMED.