NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 6, 2009[*]
Decided May 8, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-4014

| | |
|---|---|
| DARRELL COBURN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 C 5397 |
| JOHN E. POTTER, | |
| Postmaster General, | Robert M. Dow, Jr., |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Darrell Coburn sued the United States Postal Service, his employer, claiming that the Privacy Act, 5 U.S.C. § 552a, was violated when records from the file on his administrative complaint of discrimination were disclosed internally to several management employees.  After a bench trial the district court found that the Postal Service

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

did not make any unauthorized disclosure and entered judgment against Coburn. He now appeals, and we affirm.

Coburn filed in 2005 an administrative complaint alleging employment discrimination. He was told that he could select another employee to represent him during the administrative process. That right was qualified, however, since Postal Service policy precludes management employees from representing craft employees like Coburn, a letter carrier. Unwittingly or not, Coburn enlisted his friend Cecil Watson, a management employee, who knew about the policy from his supervisor, Kenneth Michalowski. When Michalowski later heard that Watson had served a summons on the United States Attorney in a lawsuit filed by Coburn against the Postal Service, he asked Jeffrey Moore to investigate whether Watson was violating the policy against representing craft employees. Moore contacted Julie Rodriguez, the personnel employee with custody over the file from Coburn's administrative complaint, who turned the file over to Moore. From that file Moore culled six documents referring to Watson as Coburn's personal representative. Moore turned those documents over to Michalowski, who cited them in a proposal to his supervisor that Watson be fired. It is these disclosures that Coburn alleges violated the Privacy Act.

The Privacy Act generally precludes an agency from disclosing records pertaining to an individual who has not consented in writing to the disclosure. 5 U.S.C. § 552a(b). But several categories of disclosures are explicitly authorized in the statute, including disclosures "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties." *Id.* § 552a(b)(1); *see Maydak v. United States*, 363 F.3d 512, 521 (D.C. Cir. 2004); *Pippinger v. Rubin,* 129 F.3d 519, 529 (10th Cir. 1997). The district court found that the disclosures here fit this exception.

Coburn counters that his records were disclosed to persons who did not maintain them, and thus the disclosures fell outside the "need to know" exception. But he misreads subsection (b)(I). It is enough that the persons to whom disclosure is made are employees of the agency that maintains the records and that those employees have a need for access; disclosure under this subsection is not limited to the employees responsible for maintaining the records.

Coburn also argues that the Postal Service employees who obtained his records did not need to access those records in the course of their duties. To show this, he cites a vacancy announcement for the position held by Moore, who obtained the file from Rodriguez and passed along six documents to Michalowski after first clearing that action with agency counsel. Coburn correctly notes that the vacancy announcement does not mention as a job duty investigating allegations of employment discrimination. But a

vacancy announcement would not be comprehensive, and, regardless, the employees to whom the records were disclosed testified that their duties did include investigating alleged misconduct by management employees. The district court believed them, and our job on appeal is not to reweigh the credibility of trial witnesses. *See United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007). Coburn does not otherwise fault the scope or manner of the disclosures, so our analysis may end here.

We add, however, that a plaintiff can win a Privacy Act suit for damages only if he demonstrates that the violation was intentional or willful. *See* 5 U.S.C. 552a(g)(4); *Jacobs v. Nat'l Drug Intelligence Ctr.*, 423 F.3d 512, 522 (10th Cir. 2005); *Moskiewicz v. U.S. Dep't of Agric.*, 791 F.2d 561, 564 (7th Cir. 1986). Even if the disclosures had been unauthorized, the employees who were involved reasonably believed that they were allowed access to Coburn's file as necessary to investigate possible misconduct by Watson. The district court, in its findings of fact, made clear that it believed there was no intent to violate the Privacy Act, and that finding is not clearly erroneous. *See Remapp Int'l Corp. v. Comfort Keyboard Co.*, No. 08-3282, 2009 WL 750222, at *3 (7th Cir. Mar. 24, 2009). Accordingly, even if there had been a technical violation, Coburn still would not recover.

AFFIRMED.