**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2010[*]
Decided December 22, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2476

| | |
|---|---|
| DARRELL COBURN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| PATRICK R. DONAHOE,[**] | 06 C 5397 |
| Postmaster General of the | |
| United States Postal Service, | Robert M. Dow, Jr., |
| *Defendant-Appellee.* | *Judge.* |

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

[**] We substitute Patrick R. Donahoe, the current Postmaster General of the United States Postal Service, as the Respondent in this action. *See* FED. R. APP. P. 43(c)(2).

# O R D E R

Darrell Coburn, a letter carrier for the United States Postal Service, appeals the denial of his motion under Federal Rules of Civil Procedure 60(b)(3) and (d)(3) to vacate an earlier judgment in favor of the Postal Service. We affirm.

Coburn sued the Postal Service in 2006, asserting that certain postal employees violated the Privacy Act, 5 U.S.C. § 552a, when they accessed his administrative file without his permission. The Postal Service admitted that its employees accessed the file, but maintained that they did so lawfully in the course of their duties. According to the Postal Service, the employees were investigating whether Cecil Watson, a management employee and Coburn's friend, violated the agency's policy by acting as Coburn's representative in a separate complaint against the Postal Service. As a member of management, Watson was not allowed to represent Coburn, and thus the employees examined Coburn's file for evidence of Watson's representation. In September 2008, after a bench trial on Coburn's claims, the district court granted judgment for the Postal Service. It found that the employees lawfully viewed Coburn's records under an exception to the Privacy Act that permits access when employees have a "need for the record[s] in the performance of their duties." *Id.* § 552a(b)(1). We affirmed that judgment. *Coburn v. Potter*, 329 F. App'x 644 (7th Cir. 2009).

In February 2010, nearly 17 months after the district court entered its judgment, Coburn filed a motion to vacate in light of new evidence suggesting that the Postal Service and its counsel engaged in fraud on the court. *See* FED. R. CIV. P. 60(b)(3), (d)(3). The Postal Service committed fraud, Coburn argued, by using a misleading memo at his bench trial to justify accessing his file. The memo explains that Postal-Service policy bars management employees (such as Watson) from representing craft workers (such as Coburn) in administrative proceedings against the Postal Service. But such memos, Coburn contended, are informational only and should not be treated as official policy of the Postal Service, and in support he pointed to a 1989 employee manual that he characterizes as newly discovered evidence. He also cited a 1996 employee handbook listing five conflicts of interest for employee representation, none of which stated that management employees could not represent craft employees. Therefore, he concluded, Watson did not engage in wrongdoing by assisting him with his complaint, and Postal-Service employees had no need to access his administrative file. The district court denied Coburn's motion, determining that the one-year statute of limitations under Rule 60(b)(3) had passed and that Coburn did not allege the egregious fraud on the court necessary to succeed under Rule 60(d)(3).

Coburn does not challenge the district court's finding that his motion under Rule 60(b)(3) was time-barred. Such motions must be brought within one year of the judgment the party seeks to vacate, FED. R. CIV. P. 60(c)(1); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th

Cir. 2006), and Coburn was untimely in waiting almost 17 months after the judgment to file his motion.

Coburn argues that the district court erred in finding that the Postal Service did not defraud the court because, he contends, it overlooked the Postal Service's "bogus document"—the memo regarding Postal-Service policy. Fraud on the court, which is not subject to the one-year statute of limitations, may include inserting fraudulent documents into the record, *Oxxford Clothes XX, Inc., v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997), but Coburn has not pointed to any evidence to suggest that the memo itself—or the way the Postal Service used it at trial—was fraudulent. Nor has he explained how the mere existence of the 1989 manual undermines the memo's authenticity.

Coburn also asserts for the first time on appeal that counsel for the Postal Service engaged in fraud by allowing witnesses to perjure themselves through testimony about the memo. But he waived that argument when he did not present it to the district court. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010). And even if he had not, his argument would still fail because here too he does not point to anything in the record to support his claim. Because the purported fraud was not "conduct that might be thought to corrupt the judicial process itself," the district court properly denied the motion. *Oxxford Clothes*, 127 F.3d at 574.

AFFIRMED.